# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## SOUTHERN RAILWAY COMPANY v. T. S. SOUTHGATE, TRADING AS SOUTHGATE IMPORT AND EXPORT COMPANY.

### December 22, 1927.

1. CARRIERS — *Interstate Commerce — Cummins Amendment — "Adjacent Foreign Country."*—Cuba is not an adjacent foreign country within the meaning of the Cummins amendment (U. S. Comp. St. section 8604a, 49 U. S. C. A. section 20), which makes the initial carrier liable for any loss due to the negligence of a connecting carrier where the goods are consigned from "any point in the United States to a point in an adjacent foreign country," etc., although the negligence occurs on a connecting carrier line.

2. WORDS AND PHRASES—*"Adjacent."*—Adjacent has been defined as lying near, close or contiguous, neighboring, bordering on, as a field adjacent to the highway. Synonyms: Adjoining, contiguous. Things are adjacent when they lie close to each other, not necessarily in actual contact; as adjacent fields, adjacent villages, etc.

3. WORDS AND PHRASES—*Adjacent and Adjoining Distinguished.*—The difference between "adjacent" and "adjoining" seems to be that the former implies that the two objects are not widely separated, though they may not actually touch, while "adjoining" imports that they are so joined or united to each other that no third object intervenes.

4. CARRIERS—*Interstate Commerce—Cummins Amendment—Adjacent.*—The word adjacent as used in the Cummins Amendment (U. S. Comp. St. section 8604a, 49 U. S. C. A. section 20) to modify the words "foreign countries," would seem to mean adjacent in the sense of the possibility of substantial continuity of rails.

5. INTERSTATE COMMERCE—*Construction of Statutes Dealing with Interstate Commerce—Decisions of Interstate Commerce Commission.*—In matters relating to interstate commerce and the interpretation of Federal statutes dealing with that general subject, the State courts should ordinarily follow the decisions of the Commission where it has spoken clearly on the question in controversy.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*William Leigh Williams* and *Thomas B. Gay*, for the plaintiff in error.

*Kelsey & Jett*, for the defendant in error.

McLemore, J., delivered the opinion of the court.

This was an action brought by the defendant in error, hereafter referred to as the Southgate Company, against Southern Railway Company, claiming damages to four carloads of potatoes shipped from Norfolk to Havana, Cuba, and consigned by the Southgate Company to itself in Havana, Cuba, on through export bills of lading. Two of these cars left Norfolk on May 19th, and two on May 20, 1924.

The movement of this freight was via the Southern (the initial carrier) to Jacksonville, Florida, from thence over Florida East Coast Railway to Key West, from whence it was to be taken by water transportation, a distance of about ninety miles, to the Island of Cuba.

In the stipulation of facts filed in the record, supplemented by the admissions of counsel in their argument before this court, it is conceded that the plaintiff in error was guilty of no negligence in the handling of the potatoes on its own line and that no liability attaches to it by reason of the traffic passing over its rails, except such as arises by reason of its being the initial carrier under the Carmack and Cummins amend-

ments.   49 U. S. C. A. section 20; U. S. Comp. St. section 8604a.   That part of the Cummins amendment pertinent to the question presently to be considered is:

"That any common carrier, railroad or transportation company, subject to the provisions of this act, receiving property for transportation from a point in one State or territory or the District of Columbia to a point in another State, territory or District of Columbia, or from any point in the United States to a point in an adjacent foreign country, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States, or within an adjacent foreign country, when transported on a through bill of lading, etc."

The agreed stipulation signed by counsel for both parties to this litigation and made a part of the record is as follows:

"It is mutually agreed by and between T. S. Southgate, the above named plaintiff, and the Southern Railway Company, the above named defendant, acting through and by their respective attorneys, that the above named court may take up and decide, prior to the hearing, on the merits whether or not the Southern Railway Company, being the initial carrier, is liable in this case for any default occurring in the transportation of the shipment mentioned in the pleadings, other than defaults occurring on its own line, and that the bill of lading attached to the plaintiff's pleading shall be considered in evidence for the purpose of this hearing, and that the lines of the Southern Railway Company extend from Norfolk, Virginia, to Jacksonville,

Florida, and that the said shipment was to be forward-ed from Jacksonville, Florida, to Havana, Cuba, by carriers other than the Southern Railway Company, and that Havana is situated in Cuba, and that Cuba is separated from the United States by the waters of the ocean and is distant from the United States ninety miles, each of the parties to this agreement reserving the right to except to, and appeal from, in the proper manner, any ruling which may be made by the court on this question.

"This the 22nd day of July, 1925."

[1] This stipulation brings sharply to the fore the one important question in the case, namely: Is Cuba an adjacent foreign country within the meaning of the Cummins amendment which makes the initial carrier liable for any loss due to the negligence of a connecting carrier where the goods are consigned from "any point in the United States to a point in an adjacent foreign country," etc., although the negligence occurs on a connecting carrier line.

In order to pass upon this question it becomes necessary to determine whether or not Cuba is "an *adjacent* foreign country" as referred to in the Cummins amendment, *supra.*

This question seems never to have been decided by any of the courts of last resort in this country.

[2] The word "adjacent" has been defined by numerous text writers and lexicographers:

"Lying near, close or contiguous, neighboring, bordering on, as a field adjacent to the highway.   *   *   * Synonyms: Adjoining, contiguous. Things are adjacent when they lie close to each other, not necessarily in actual contact, as adjacent fields, adjacent villages, etc." Webster.

[3] "Lying near or close to; contiguous. The differ-

ence between 'adjacent' and 'adjoining' seems to be that the former implies that the two objects are not widely separated, though they may not actually touch, while 'adjoining' imports that they are so joined or united to each other that no third object intervenes." Black's Law Dictionary.

"The natural and primary meaning of the word is, near to or neighboring.   It is not inconsistent with the idea of something intervening, and has been defined as lying near to, but not actually touching; in the vicinity or neighborhood of.

"However, it is often used in the sense of adjoining, abutting or touching, and the purpose of its use is to be gathered from the context.   The term is a relative and not a definite and absolute one, and the exact meaning of the word is determinable principally by the context in which it is used and the facts of each particular case, or by the subject matter to which it is applied and the object which the legislature is seeking to carry out."   1 Corpus Juris, page 1196.

Many other authorities might be cited but they give little aid in solving the question we have for decision. The meaning of the language which we are now discussing must be considered and interpreted in the light of the instrumentalities employed and the subject matter which the act was intended to embrace.

The purpose of the act was to furnish the shipper a convenient method by which he might collect damages due to negligence in freight transportation, as well as to regulate the movement of commodities between different sovereignties, and for the best of reasons its administration should be, and is, placed under the control of a commission whose powers and duties are commensurate with the tremendous responsibilities laid upon it.   The Commission is composed of eleven

men many of whom have attained national eminence by reason of their legal attainments and previous service to the government.

Every phase of the Cummins Amendment has doubtless been many times presented to the Commission for its interpretation. Certain it is, that the meaning of "adjacent foreign country" has been definitely settled in so far as the Interstate Commerce Commission is able to do so. *Lykes Steamship Line* v. *Commercial Union, et als.*, 13 I. C. C. Reports 310; *Hill* v. *N. C. & St. Louis R. Co.*, 44 I. C. C. Reports 582.

In this latter case the Commission said:

[4] "In *Lykes Steamship Line* v. *Commercial Union*, 13 I. C. C. Reports 310, we said that—

"The word 'adjacent' as used in the act to modify the words 'foreign countries' would seem to mean adjacent in the sense of the possibility of substantial continuity of rails.

"It was there held that Cuba was not an adjacent foreign country, and it is settled that the Commission has not jurisdiction over traffic from a point in the United States to a point in Cuba."

In a government made up of as many independent sovereign States as that over which the · Interstate Commerce Commission has jurisdiction, it would seem to us unfortunate if the laws under which it must act, and the enforcement of which is its special charge, should be subject to as many different interpretations by the courts as there are States in the Union.

[5] In matters relating to interstate commerce and the interpretation of Federal statutes dealing with that general subject, we think the State courts should ordinarily follow the decisions of the Commission where it has spoken clearly on the question in controversy. Moreover we are of opinion that the decision in the

*Hill Case, supra,* holding that Cuba is not "an adjacent foreign country" is sound in principle, and logical in its conclusions, from which it follows that the judgment of the Circuit Court of the city of Norfolk should be reversed, and judgment entered here in favor of the Southern Railway Company, but without prejudice to the defendant in error to prosecute its claim against the parties responsible for the damage sustained, if any can be shown.

*Reversed.*