## STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF VIRGINIA

### V.

## CREATIVE DISPLAYS OF NORFOLK, LTD.

Record No. 860094

November 18, 1988

Present: Carrico, C.J., Compton, Stephenson, Russell, and Thomas, JJ., and Gordon and Harman, Retired Justices

*Richard L. Walton, Jr.*, Senior Assistant Attorney General (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General, on brief), for appellant.

*Stephen E. Noona* (Hunter W. Sims, Jr.; Albert H. Poole; Kaufman & Canoles, P.C., on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

This appeal involves the application of Code § 33.1-370, which provides in pertinent part that "no sign or advertisement *adjacent to* any interstate or federal-aid primary highway shall be erected, maintained, or displayed which is visible from the main-traveled way within 660' of the nearest edge of the right-of-way." (Emphasis added.) The narrow issue is whether a billboard located 123.31 feet from the nearest edge of an interstate highway, but separated from the highway by a city street, is "adjacent to" the highway within the meaning of Code § 33.1-370.

Creative Displays of Norfolk, Ltd. (Creative), which owns and displays the billboard at issue, brought suit against the State Highway and Transportation Commissioner of Virginia (the Commissioner) seeking declaratory and injunctive relief. In its motion, Creative alleged that its billboard is not regulated by Code § 33.1-370 because the billboard is not "adjacent to" Interstate Highway 664. Following an *ore tenus* hearing, the trial court ruled in Creative's favor. Accordingly, the court enjoined the Commissioner from removing the billboard, and the Commissioner appeals.

The relevant facts are undisputed. Creative's billboard is 12 feet by 25 feet and is located at the intersection of 39th Street and Acorn Avenue in the City of Newport News. The billboard is situ-

ated on the south side of 39th Street and on the east side of Acorn Avenue. Thirty-ninth Street runs virtually parallel to Interstate 664 and lies between the billboard and the interstate. The billboard is 123.31 feet from the nearest edge of the right-of-way of the interstate and is visible from the main-traveled way of the highway.

Chapter 7 of Title 33.1 is entitled "Outdoor Advertising in Sight of Public Highways." The General Assembly's policy, purpose, and intent respecting the regulation of outdoor advertising is set forth in Code § 33.1-351(a):

> In order to promote the safety, convenience and enjoyment of travel on and protection of the public investment in highways within this Commonwealth, to attract tourists and promote the prosperity, economic well-being and general welfare of the Commonwealth, and to preserve and enhance the natural scenic beauty or aesthetic features of the highways and *adjacent areas*, the General Assembly declares it to be the policy of this Commonwealth that the erection and maintenance of outdoor advertising in *areas adjacent to* the rights-of-way of the highways within this Commonwealth shall be regulated in accordance with the terms of this article and regulations promulgated by the State Highway and Transportation Commission pursuant thereto.

(Emphasis added.) Code § 33.1-378 provides that Code §§ 33.1-351 through -378 "shall be liberally construed with a view to the effective accomplishment of its purposes."

Creative contends that its billboard is not regulated by Code § 33.1-370 because it is not "adjacent to" Interstate 664. This is so, Creative argues, because 39th Street lies between the billboard and the interstate. To support its contention, Creative points to the fact that in 1976 the General Assembly amended Code § 33.1-370 by adding the words "adjacent to." Acts 1976, c. 14. Creative asserts that the General Assembly would not have added the words if it had not "meant for them to have meaning."

Although Code § 33.1-351 contains the definition of numerous words and phrases, it does not define "adjacent." Thus, we must look to other sources for a definition.

*Black's Law Dictionary* 38 (5th ed. 1979) defines "adjacent" as "[l]ying near or close to; sometimes, contiguous; neighboring. *Ad-*

*jacent* implies that the two objects are not widely separated, though they may not actually touch . . . while *adjoining* imports that they are so joined or united to each other that no third object intervenes." The " 'natural and primary meaning of [adjacent] is, near to or neighboring. It is not inconsistent with the idea of something intervening.' " *Southern Ry. Co.* v. *Southgate*, 149 Va. 683, 687, 140 S.E. 661, 662 (1927).

The primary meaning of "contiguous," on the other hand, is " 'in actual contact' or 'touching.' " *Holston S. & P. Co.* v. *Campbell, Trustee, et al.*, 89 Va. 396, 398, 16 S.E. 274, 274 (1892). "It is not synonymous with 'adjacent,' although sometimes used in that sense, and *vice versa.* 'What is adjacent . . . may be separated by the intervention of some other object; what is contiguous must touch on one side.' " *Id.*

■ Thus, although "adjacent" sometimes is used to mean "contiguous," this is not its primary meaning. We need not speculate why the General Assembly added to Code § 33.1-370 the words "adjacent to." We are convinced, however, that if we were to give "adjacent" its secondary meaning and thereby reach the conclusion urged by Creative, we would fail to construe the outdoor advertising statute "liberally . . . with a view to the effective accomplishment" of the purposes and intent of the General Assembly as stated in Code § 33.1-351(a).

■ We conclude, therefore, that Creative's billboard is adjacent to Interstate 664 and is, therefore, regulated by Code § 33.1-370. Accordingly, we will reverse the judgment of the trial court, vacate the injunction, and enter final judgment for the Commissioner.

*Reversed and final judgment.*