SANTE IACOVELLI, Plaintiff-Appellant, v. FIRST SECURITY TRUST AND SAVINGS BANK, Defendant-Appellee.

First District (6th Division)  1—89—3048

Opinion filed July 27, 1990.—Rehearing denied October 5, 1990.

Cheryl M. Berdelle, of Berdelle, Schirmer & Fisher, of Oak Park, for appellant.

Edward J. Bradley, Jr., of Bradley & Bradley, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County denying plaintiff's motion for a judgment notwithstanding the verdict on the issue of damages. The issue on appeal is whether the denial of plaintiff's motion was proper.

On July 9, 1983, the plaintiff's father, Louis Iacovelli, who is now deceased, opened a money market account with First Security Trust and Savings Bank (First Security). Shortly thereafter, plaintiff's name was added to the account as a joint owner. On August 24, 1986, plaintiff's stepmother, Josephine Iacovelli, presented a check from the money market account to James Frank, the assistant cashier with First Security. She then asked Frank to withdraw $10,917.60, which was the total amount of funds in the account, and deposit the money in a new account to be opened in her name. Josephine Iacovelli wrote her name on the check as payee as well as the amount of money to be transferred. When the check was accepted by First Security for processing, Louis Iacovelli's name was written on it as the payor. However, Frank acknowledged in his trial testimony that the signature did not appear to be that of decedent. At the time of this transaction, Josephine Iacovelli was not a signatory on the money market account.

Plaintiff subsequently filed suit against First Security, alleging

that the bank violated article 4 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 4—101 *et seq.*) by wrongfully accepting payment, transfer or withdrawal of the check at issue without the authorized signature of Louis Iacovelli or plaintiff. At the trial, Josephine Iacovelli testified that she was instructed by the decedent to have Frank close the money market account and transfer the funds into an account in her name. The trial court instructed the jury, in accordance with its prior ruling on a motion *in limine* by plaintiff, to consider the testimony as evidence only that the conversation took place and not for the truth of the matter asserted. Josephine Iacovelli further testified that when she returned from the bank her husband asked if the funds had been transferred, and that he replied "good" when told that it had been done. At the close of the evidence, plaintiff requested a directed verdict against First Security. The trial court ruled in plaintiff's favor, finding First Security liable but submitted the issue of damages to the jury. The jury awarded plaintiff $5 in damages and found in its answer to a special interrogatory that Louis Iacovelli authorized Josephine Iacovelli to sign his name to the check at issue. Plaintiff then filed a motion for judgment notwithstanding the verdict on the issue of damages which the trial court denied.

■■ ■ Plaintiff contends that the trial court's denial of his motion for a judgment notwithstanding the verdict was improper where the court directed a verdict against First Security on the issue of liability, the amount of plaintiff's loss was $10,917.60 but the jury only awarded plaintiff $5 in damages. There is a high standard of contractual responsibility placed upon a bank to pay checks in strict accordance with the directions of its depositors, and the bank may not legally pay out funds without the required approval and signature. (*Spec-Cast, Inc. v. First National Bank & Trust Co.* (1989), 128 Ill. 2d 167, 172, 538 N.E.2d 543.) Based on the rules governing this relationship, a bank is liable when it makes payments from a depositor's account which are not in compliance with a depositor's orders. (*Spec-Cast, Inc.*, 128 Ill. 2d at 172.) "The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, and where there is bad faith it includes other damages, if any, suffered by the party as a proximate consequence." Ill. Rev. Stat. 1985, ch. 26, par. 4—103(5).

■■ In this case, the court found that First Security was liable for the payment of the funds from the money market account to Josephine Iacovelli. The amount of funds in this account was $10,917.60. Because there was no evidence that this amount was reduced by an

amount which could not have been realized through the exercise of ordinary care, plaintiff's loss was the total amount of funds in the account. *Marquette National Bank v. Heritage Pullman Bank & Trust Co.* (1982), 109 Ill. App. 3d 532, 535, 440 N.E.2d 1033; *Maier-Lavaty Co. v. Aetna State Bank* (1928), 247 Ill. App. 419, 425-26.

First Security contends that the damage award of $5 was proper where the decedent authorized Josephine Iacovelli to write his name as payor of the check and transfer the money market funds into her own account. Defendant further reasons that because the decedent intended to give the money from the account to his wife Josephine, plaintiff incurred no loss when the money was removed from the account.

■ However, the trial court directed a verdict against First Security on the issue of negligence based on its payment of funds from the money market account without authorization of the depositors. One of the elements of negligence is the damages which result from the negligent conduct. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617.) Therefore, when the trial court directed a verdict against First Security, a determination was made that Josephine Iacovelli was not authorized to sign decedent's name to the check, and that plaintiff incurred damages as a result of First Security's negligence in transferring the funds from the money market account to an account in Josephine Iacovelli's name. Because the amount of the unauthorized payment was $10,917.60, and there was no evidence that this amount could not have been realized through the use of ordinary care, this is the full amount of plaintiff's damages. We, thus, conclude that the evidence regarding the proper amount of damages, even when viewed most favorably to the opponent, so overwhelmingly favors the movant that no contrary verdict could stand. Therefore, the trial judge's denial of plaintiff's motion for a judgment notwithstanding the verdict was error. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

The majority of cases cited by First Security are based on the issue of liability rather than damages which, for the reasons set forth above, are inapplicable. However, see *V.D.S. Corp. v. Alton Banking & Trust Co.* (1959), 20 Ill. App. 2d 309, 155 N.E.2d 819, which addressed the issue of damages and held that the proper amount of damages was the amount of the depositor's loss actually proven.

Although First Security raises the issue on appeal that the trial court erred in directing a verdict against it, this issue is not properly before this court where First Security as the appellee has attempted to challenge a judgment against it without filing a cross-appeal. *Ab-*

*dul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 412, 462 N.E.2d 488; *Ruff v. Industrial Comm'n* (1986), 149 Ill. App. 3d 73, 79, 500 N.E.2d 553.

Accordingly, the judgment of the circuit court on the issue of damages is reversed, and the cause is remanded for the entry of judgment in plaintiff's favor for $10,917.60 plus court costs.

Judgment reversed and remanded.

LaPORTA, P.J., and EGAN, J., concur.