J.A. ZITO *et al.*, Plaintiffs-Appellees, v. PATRICIA K. GERKEN *et al.*,
Defendants-Appellants.

First District (3rd Division)   No. 1—90—0637

Opinion filed January 22, 1992.—Rehearing denied February 27, 1992.

Vincent A. Lavieri, of Arlington Heights, for appellants.

Ellis B. Levin, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs J.A. Zito, Diana Zito, Rose Mary Schuster, George Schuster, Carl G. Lord, Vivian I. Lord, Richard C. Krautsack, Alice C. Krautsack, Frank D. Beucherie, and Santa Ann Beucherie (Homeowners) brought this action seeking declaratory, injunctive and other relief to remove the cloud on title to their real property caused by the 1987 amendment to restrictive covenants adopted by defendant Lake

Briarwood Association, Inc. (Association), and defendants Patricia K. Gerken, Joyce Skiple and John Gianopulos, in their capacity as directors of Association. The parties filed cross-motions for summary judgment. The trial court denied Association's motion for summary judgment, but granted partial summary judgment in favor of Homeowners on count I of the amended complaint. On appeal, Association contends that (1) the trial court erred when it failed to enforce the 1987 amendment to the restrictive covenants; (2) Homeowners have an implied duty to pay their fair share of common area expenses; and (3) Homeowners share an easement for use and enjoyment of common areas of the subdivision and are required to pay for reasonable and necessary repairs and maintenance. We reverse and remand.

Homeowners are owners of single-family homes located in the Lake Briarwood subdivision in Mt. Prospect, Illinois (Lake Briarwood). Lake Briarwood, which is comprised of over 100 units, was developed in the late 1950's by E.L. Trendel & Associates, Inc. (Trendel). Association, whose membership is comprised of homeowners of Lake Briarwood, was incorporated by Trendel in 1959 to serve as the regulating and controlling body of the subdivision. Association was empowered to act for the benefit of the homeowners of Lake Briarwood and to have all such powers necessary to effectuate the desires of its membership in order to make Lake Briarwood a desirable place to live.

In 1960 and again in 1961, Trendel properly recorded two virtually identical restrictive covenants establishing a comprehensive scheme of regulation for Lake Briarwood. Both restrictive covenants contained a provision specifically permitting Trendel to amend the covenants at any time. In 1980, Trendel recorded an amendment transferring the sole and exclusive authority to further amend the covenants to Association.

In December 1987, Association recorded an amendment to the restrictive covenants requiring each homeowner in Lake Briarwood to become a member of Association, authorizing Association to levy annual dues and assessments upon each home in Lake Briarwood to cover the costs of maintenance and repair of the common areas of the subdivision, and granting broad authority to Association to enforce collection of any delinquencies in payment of dues and assessments, including the right to place a lien upon the property of a delinquent homeowner. Thereafter, Association set the annual dues and assessments for each lot within Lake Briarwood at $100.

Homeowners ignored repeated requests by Association to pay their annual dues and assessments. On November 14, 1988, Home-

owners filed a complaint in the circuit court seeking a declaratory judgment of the validity of the 1987 amendment, and injunctive and other relief to remove the cloud on title to their homes caused by the 1987 amendment. Both parties filed cross-motions for summary judgment. On February 7, 1990, the trial court entered an order granting partial summary judgment in favor of Homeowners on count I of the amended complaint, ruling that the adoption and recording of the 1987 amendment was an act outside the scope of Association's authority, and therefore, without force and effect as to Homeowners' properties.

Association first contends that the trial court erred when it failed to enforce the provisions of the 1987 amendment to the restrictive covenants. We agree.

■ A restrictive covenant which has been modified, altered or amended will be enforced if it is clear, unambiguous and reasonable. (*Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 810, 459 N.E.2d 1164, 1168; *Sanni, Inc. v. Fiocchi* (1982), 111 Ill. App. 3d 234, 238, 443 N.E.2d 1108, 1112.) The covenants here were created to establish a common and uniform scheme of regulation to ensure the open, unobstructed character and nature of the subdivision and to maintain continued enjoyment of the same. The 1987 amendment does not seek to change the character of Lake Briarwood or to impose unreasonable burdens upon any lot owners within the subdivision. Rather, the amendment merely sets forth a method and plan by which to enable Association to fulfill the original intent and purposes of the covenants.

■ Moreover, the record demonstrates that the terms and conditions of the 1987 amendment impose a minimal collective burden upon the residents of Lake Briarwood, while at the same time preserving the nature and character of the subdivision. Under the circumstances, the restrictive covenants and the 1987 amendment are clear, unambiguous and reasonable. The trial court, therefore, erred when it failed to enforce the 1987 amendment to the restrictive covenants. (But see *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 459 N.E.2d 1164.) It is therefore unnecessary to address Association's other contentions.

■ Homeowners argue that Association lacked the authority to extend the duration of the covenants by negating the automatic 30-year repeal provision of the restrictive covenants. Homeowners, however, have not filed a notice of appeal or cross-appeal, and this issue was not raised in Association's notice of appeal or in its brief. The issue is therefore waived. 134 Ill. 2d R. 303(a); *Iacovelli v. First*

*Security Trust & Savings Bank* (1990), 202 Ill. App. 3d 982, 985-86, 560 N.E.2d 904, 906; *Preferred Meal Systems, Inc. v. Guse* (1990), 199 Ill. App. 3d 710, 724, 557 N.E.2d 506, 514.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for the entry of orders and further proceedings consistent with what is stated herein.

Reversed and remanded.

TULLY and CERDA, JJ., concur.