## Bernard C. Taylor

## v.

## Board of Supervisors of Northumberland County

Record No. 911018

April 17, 1992

Present: All the Justices

*Bernard C. Taylor* pro se.
*W. Leslie Kilduff, Jr. (Haynie, Withers, Kilduff & Vanlandingham*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, Bernard C. Taylor challenges a special assessment levied against him by the Board of Supervisors of Northumberland County (the Board of Supervisors) for the construction of state secondary highway Route 820. The trial court ruled that the assessment was proper and affirmed the Board of Supervisors' action. Taylor appeals.

Code § 33.1-72.1 provides for taking certain county streets into the secondary system of state highways. This section applies to "a county in which the secondary system of the state highways is constructed and maintained by the Department of Transportation and which has adopted a local ordinance for control of the development of subdivision streets to the necessary standards for acceptance into the secondary system." Code § 33.1-72.1(B). "Street," as used in this section, means

> a street or highway shown on a plat which was recorded or otherwise opened to public use prior to July 1, 1980, at which time it was open to and used by motor vehicles, and which, for any reason, has not been taken into the secondary system of state highways and serves at least three families per mile.

Code § 33.1-72.1(A).

Code § 33.1-72.1 further provides that "[s]uch street shall only be taken into the secondary system of state highways if the governing body of the county agrees to contribute from county revenue or the special assessment of the landowners on the street in question one-half of the cost to bring the [street] up to the necessary minimum standards for acceptance." Code § 33.1-72.1(C). Furthermore, subsection (C) states as follows:

> No such special assessment of landowners on such [street] shall be made unless the governing body of the county receives written declarations from the owners of seventy-five percent or more of the platted parcels of land abutting upon such street stating their acquiescence in such assessments.

The basis for such special assessments, at the option of the local governing body, shall be either (i) the proportion the value of each abutting parcel bears to total value of all abutting parcels on such street as determined by the current evaluation of the property for real estate tax purposes, or (ii) the proportion the abutting road front footage of each parcel abutting the street bears to the total abutting road front footage of all parcels abutting on the street, or (iii) an equal amount for each parcel abutting on such street.

In 1989, the Board of Supervisors adopted a policy whereby eligible streets would be recommended for acceptance into the secondary system of state highways if the landowners abutting such streets paid one-half of the cost to bring the streets up to the necessary minimum standards for acceptance. Thereafter, several owners of land on the street to be improved, Route 820, presented the County with a check for $32,500, representing 50% of the estimated construction cost. Upon receipt of the check, the Board of Supervisors requested the Department of Transportation to accept the street into the secondary system of state highways.

After construction was completed and the street was accepted into the highway system, it was determined that there was a cost overrun of $6,822.31. Thus, one-half of the overrun, $3,411.15, was owed by the abutting landowners. Consequently, the Board of Supervisors levied a special assessment against various landowners to make up the overrun.

Taylor's land does not front upon or touch Route 820, but is located approximately 100 yards beyond the terminus of the route. Route 820, however, serves as the access road to the subdivision in which Taylor resides. Taylor did not desire to have the street taken into the state system and did not contribute to the cost thereof. The Board of Supervisors, nonetheless, levied a special assessment against Taylor of $874.84 as his part of the overrun.

Taylor contends, *inter alia*, that the assessment is invalid because his property does not abut Route 820. The Board of Supervisors contends, on the other hand, that because Taylor's property is "serviced by" or "affected by" the state highway, the term "abut" should be interpreted broadly to include land that is in close proximity to the highway.

■ Code § 33.1-72.1(C) speaks of the county agreeing "to contribute from . . . the special assessment of the landowners *on the street in question.*" (Emphasis added.) Further, the special assessment shall not be made unless the county board of supervisors "receives written declarations from the owners of seventy-five percent or more of the platted parcels of land *abutting upon such street* stating their acquiescence in such assessments." (Emphasis added.) Additionally, apropos to the present case, the basis of the special assessment is "the proportion the *abutting road front footage of each.parcel abutting the street bears to the total abutting road front footage of all parcels abutting on the street.*" (Emphasis added.) Finally, special assessments under Code § 33.1-72.1(C) "shall be conducted in the manner provided in Article 2 (§ 15.1-239 et seq.) of Chapter 7 of Title 15.1, mutatis mutandis, for assessments for local improvements." Article 2, "Assessments for Local Improvements," limits assessments to "abutting property owners." Code § 15.1-239.

■ The term "abut" is defined as "to touch. To . . . be contiguous; join at a border or boundary; . . . border on. . . . The term 'abutting' implies a closer proximity than the term 'adjacent.' No intervening land." *Black's Law Dictionary* 11 (6th ed. 1990). *See State Highway Commissioner* v. *Creative Displays*, 236 Va. 352, 355, 374 S.E.2d 30, 32 (1988) (" 'What is adjacent . . . may be separated by the intervention of some other object; what is contiguous must touch on one side.' ").

■ We think that, by consistently using the term "abutting" in Code §§ 33.1-72.1 and 15.1-239, the General Assembly signified its intent to limit special assessments to owners of land bordering upon, and not merely adjacent or in close proximity to, the portion of the street that is being improved. Taylor's land does not border upon Route 820, and, therefore, the assessment levied against him is invalid.*

Accordingly, we will reverse the trial court's judgment, vacate the assessment against Taylor, and enter final judgment in his favor.

*Reversed and final judgment.*

---

* Having reached this conclusion, we need not address Taylor's other contentions.