Present:  All the Justices

TRUSTEES OF THE CHRIST AND
ST. LUKE'S EPISCOPAL CHURCH, ET AL.

v.  Record No. 060913  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        March 2, 2007
BOARD OF ZONING APPEALS OF THE
CITY OF NORFOLK

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Leafe, Judge

In this appeal, we decide whether two parcels of real property separated by a 50-foot-wide, public street are "adjacent" and therefore constitute one zoning lot for purposes of determining maximum allowable lot coverage.  We conclude that, in the context of the zoning ordinances at issue, the two properties are not "adjacent."  We will therefore affirm the judgment of the circuit court upholding the decision of a board of zoning appeals.

RELEVANT FACTS AND PROCEEDINGS

The Trustees of the Christ and St. Luke's Episcopal Church (the Trustees) own two parcels of real property located in the City of Norfolk.  One parcel (the Olney road property), on which a church sanctuary and three other buildings known as the Parish House, Lloyd Hall, and the Guild House are situated, fronts on Olney Road.  The other parcel (the Boissevain Avenue property) fronts on Boissevain Avenue and is improved by two apartment

buildings.[1]  The Olney Road property and the Boissevain

Avenue property are separated only by Boissevain Avenue,

which is approximately 50 feet wide.

The real properties at issue in this appeal lie within

an area designated by the Zoning Ordinance of the City of

Norfolk (Norfolk Zoning Ordinance) as "HC-G2," one of the

Ghent Historical and Cultural Conservation districts.

Property located in the HC-G2 district is subject to

certain restrictions.  See generally, Norfolk Zoning

Ordinance § 9-1.  One such limitation prohibits a building

from occupying more than 55 percent of the lot area on

which it is situated.  Norfolk Zoning Ordinance § 9-1.9.

The maximum lot coverage restriction in the HC-G2

district affects the Trustees' plans for a major renovation

project involving alterations to structures on both the

Olney Road and the Boissevain Avenue properties.  According

to the Trustees, the proposed renovations entail expansion

of the church sanctuary, renovation of the Parish House,

---

[1]  Some documents in the record indicate that CSL
Apartments, Inc., manages the apartment buildings situated
on the Boissevain Avenue property.  It is not clear from
the record whether CSL Apartments, Inc., still owns that
parcel or has transferred legal title to the property to
the Trustees.  The Trustees, however, own CSL Apartments,
Inc., and apparently control the Boissevain Avenue
property.  For purposes of this appeal, the entity
currently holding legal title to the Boissevain Avenue
property is not relevant.

demolition of Lloyd Hall and the two apartment buildings, and relocation of the Guild House to the Boissevain Avenue property.

The buildings situated on the Olney Road and Boissevain Avenue properties all predate the enactment of the zoning regulations currently in force in the HC-G2 district. Thus, the church sanctuary, even though it fails to comply with the current requirements for the district, constitutes a legal, "nonconforming structure." The zoning ordinance, however, prohibits the expansion of a nonconforming structure if the expansion creates additional nonconformity or increases "the severity or extent of any existing nonconforming condition." Norfolk Zoning Ordinance § 12-3(a).

The Trustees' proposed expansion of the church sanctuary will comply with the maximum lot coverage requirement in the HC-G2 district only if the Olney Road and the Boissevain Avenue properties are considered, collectively, one "[l]ot or zoning lot." In that scenario, the expanded church sanctuary would cover only 54.98 percent of that combined lot area. On the other hand, if the properties are two separate zoning lots, then the sanctuary's expansion would result in approximately 66 percent of the Olney Road property being covered with a

3

building, thereby exceeding the maximum allowable lot coverage.

The definition of the term "[l]ot or zoning lot" is set forth in Norfolk Zoning Ordinance § 2-3:

> For zoning purposes a lot or zoning lot is a piece of land identified on a plat of record or in a deed of record and of sufficient area and dimensions to meet district requirements for width, area, use and coverage, and to provide such yards and open space as are required.  In this ordinance the terms "lot" and "zoning lot" have the same meaning and may be used interchangeably.  <u>A lot may consist of combinations of adjacent individual lots</u> and/or portions of lots so recorded; provided, however, that in no case of division or combination shall any residual lot, portion of lot, or parcel be created which does not meet the requirements of this ordinance and the subdivision regulations of the city.

(Emphasis added).

The Trustees sought from the zoning administrator of the City of Norfolk an interpretation of the term "adjacent," as it is used in Norfolk Zoning Ordinance § 2-3, that would allow them to treat the Olney Road and Boissevain Avenue properties as "adjacent individual lots" comprising one "[l]ot or zoning lot."[2]  The zoning administrator, however, concluded that "the term 'adjacent' as it appears in the definition of 'Lot or zoning lot' has

_____

[2]  The provisions of Norfolk Zoning Ordinance § 20-2 state that the "zoning administrator . . . may render

4

been and, in the case of Christ and St. Luke's Episcopal Church, will continue to be, interpreted . . . to mean 'next to' and not 'across the street from.' " The zoning administrator "decided that, for purposes of considering a 'lot or zoning lot[,]' the term 'adjacent' does not include properties across public rights of way."

The Trustees appealed the zoning administrator's decision to the Board of Zoning Appeals of the City of Norfolk (the BZA). After a hearing, the BZA upheld the zoning administrator's interpretation of the term "adjacent." The Trustees then filed a petition for writ of certiorari in the circuit court, seeking a reversal of the BZA's decision. After hearing argument, the circuit court affirmed the BZA's decision. In a letter opinion, the circuit court concluded that the zoning administrator "ruled that the lots were not adjacent because they are separated by a fifty-foot public street." Continuing, the circuit court stated that the BZA agreed with the zoning administrator "that when two pieces of property are separated by a fifty-foot public street, they are not adjacent for purposes of defining zoning lots." Ultimately, the circuit court held that the BZA "applied

interpretations . . . of the provisions of this ordinance and of any rule or regulation issued pursuant to it."

5

correct principles of law and adopted a definition of 'adjacent' that is both reasonable and consistent with the Zoning Ordinances as a whole."  We awarded the Trustees this appeal.

ANALYSIS

On appeal before the circuit court, the BZA's decision was entitled to a presumption of correctness.  Code § 15.2-2314 (2005) (amended by 2006 Acts ch. 446).[3]  The Trustees, as the appealing party, could rebut that presumption "by proving by a preponderance of the evidence . . . that the [BZA] erred in its decision."  Code § 15.2-2314.  Since the issue before the circuit court was a question of law, i.e., the proper interpretation of the term "adjacent" in Norfolk Zoning Ordinance § 2-3, the Trustees had the burden of demonstrating that the BZA "either applied 'erroneous principles of law' or that its decision was 'plainly wrong and in violation of the purpose and intent of the zoning ordinance.' "  Board of Supervisors v. Board of Zoning

---

[3]  Effective July 1, 2006, the General Assembly amended the provisions of Code § 15.2-2314 to state that on appeal to a circuit court, "the findings and conclusions of the board of zoning appeals on questions of fact shall be presumed to be correct" and that "[t]he court shall hear any arguments on questions of law de novo."  2006 Acts ch. 446.  References in this opinion to Code § 15.2-2314 pertain to the version in effect before the 2006 amendments.

6

<u>Appeals</u>, 271 Va. 336, 348, 626 S.E.2d 374, 382 (2006) (quoting <u>Lamar Co. v. Board of Zoning Appeals</u>, 270 Va. 540, 545, 620 S.E.2d 753, 756 (2005) (internal quotation marks omitted)); <u>see also</u>, <u>Foster v. Geller</u>, 248 Va. 563, 566, 449 S.E.2d 802, 804–05 (1994) ("The party challenging the BZA's decision has the burden of proof on these issues."). On appeal before this Court, we afford a circuit court's judgment affirming a BZA's final decision the same presumption of correctness. <u>Patton v. City of Galax</u>, 269 Va. 219, 229, 609 S.E.2d 41, 46 (2005).

The Trustees assert that the circuit court erred by affirming the BZA's decision upholding the zoning administrator's interpretation of the term "adjacent." According to the Trustees, that interpretation wrongly equated the term "adjacent" with the term "adjoining." The Trustees claim that this interpretation contradicts the plain meaning of the word "adjacent" and is inconsistent with this Court's precedent and with the use of the word in other sections of the Norfolk Zoning Ordinance. They also argue that the BZA improperly considered the future effect of failing to adopt the zoning administrator's interpretation of the term "adjacent."

Contrary to the Trustees' argument that the zoning administrator and the BZA interpreted the term "adjacent"

7

to have essentially the same meaning as the terms "adjoining" or "contiguous," neither the zoning administrator, nor the BZA, nor the circuit court relied on the fact the Boissevain Avenue and Olney Road properties do not adjoin or touch one another in arriving at their respective conclusions that the properties at issue do not constitute one "[l]ot or zoning lot" under Norfolk Zoning Ordinance § 2-3.  Instead, the circuit court determined that the BZA "agreed with the [z]oning [a]dministrator that when two pieces of property are separated by a fifty-foot public street, they are not adjacent for purposes of defining zoning lots."  The circuit court recognized, and we agree, that deciding when two objects are not widely separated, but are close enough to be adjacent requires a "judgment call."

That decision, or "judgment call," is "best accomplished by those charged with enforcing" the Norfolk Zoning Ordinance, i.e., the zoning administrator and the BZA.  See Lamar, 270 Va. at 547, 620 S.E.2d at 757; see also Norfolk Zoning Ordinance §§ 20-1 and 20-2 (the provisions of the zoning ordinance cannot address every specific situation; thus, the zoning administrator is authorized to render interpretations of the provisions of the zoning ordinance).  "A consistent administrative

8

construction of an ordinance by the officials charged with its enforcement is entitled to great weight." Masterson v. Board of Zoning Appeals, 233 Va. 37, 44, 353 S.E.2d 727, 733 (1987). We give such deference to the administrative interpretation of zoning ordinances, in part, because "[z]oning administrators and boards of zoning appeals . . . are able to ensure consistent application consonant with a local government's intent for specific ordinances. Such agencies develop expertise in the relationship between particular textual language and a local government's overall zoning plan." Lamar, 270 Va. at 547, 620 S.E.2d at 757.

The Trustees, however, assert that there was no evidence of any prior consistent interpretation of the term "adjacent." We find otherwise. The BZA had before it a copy of a letter the assistant city attorney sent to the Trustees' counsel, wherein the assistant city attorney explained:

> [F]or the purposes of considering a "lot or zoning lot[,]" the term "adjacent" does not include properties across public rights of way. This interpretation has been applied uniformly throughout the city. The logic behind this interpretation . . . is to promote the spirit and purpose of the zoning requirements contained in the ordinance. It would work against that spirit to permit buildings located on one side of a street to cover nearly 100% of a parcel in those situations where the owner happens to

9

own a vacant or nearly vacant parcel across the street.

It is also evident from comments at the hearing before the BZA that its members understood that the zoning administrator had consistently interpreted the word "adjacent" to preserve the intent of the zoning ordinances with regard to a "[l]ot or zoning lot" and the maximum allowable lot coverage.

The Trustees further claim that the zoning administrator's interpretation of the term "adjacent" was inconsistent with the use of that term in footnote 3 to Table 6-A of the Norfolk Zoning Ordinance.  That provision states:

> Where the new construction is infill development on a zoning lot between two existing buildings, the front yard requirement for the new construction may match the existing yards for the adjacent buildings or may be the average of the existing yards of the adjacent buildings, whichever is applicable.  <u>Where the infill development occurs on a corner lot, the building immediately across the street shall be considered an adjacent building for determining the front yard requirement.</u>

Norfolk Zoning Ordinance, Table 6-A n.3 (emphasis added). The emphasized language is not, as the Trustees suggest, "simply a reminder [that] the word 'adjacent' . . . mean[s] 'across the street from.' "  Instead, without that

10

language, buildings on corner lots would not, in the context of that particular provision, be adjacent.

Nor is the zoning administrator's interpretation contrary to this Court's decision in State Highway & Transportation Commissioner v. Creative Displays of Norfolk, Ltd., 236 Va. 352, 374 S.E.2d 30 (1988). There, a statute provided that "'no sign or advertisement adjacent to any interstate or federal-aid primary highway shall be erected . . . which is visible from the main-traveled way within 660' of the nearest edge of the right-of-way.'" Id. at 353, 374 S.E.2d at 31 (quoting Code § 33.1-370). The question on appeal was whether a billboard situated "123.31 feet from the nearest edge of an interstate highway, but separated from the highway by a city street" was nevertheless "adjacent" to the interstate highway within the meaning of the relevant statute. Id. Relying on the primary definition of the term "adjacent" as " '[l]ying near or close to[,] . . . impl[ying] that the two objects are not widely separated,'" and also on the intent and purpose of the General Assembly in regulating outdoor advertising, we concluded that the billboard in question was "adjacent" to the interstate highway and therefore regulated by the provisions of Code § 33.1-370.

11

_Id._ at 354—55, 374 S.E.2d at 32 (quoting Black's Law Dictionary 38 (5th ed. 1979)).[4]

Our decision in Creative Displays does not mean, as the Trustees assert, that in every context where two objects are separated only by a public right-of-way, they are adjacent. Instead, we must proceed, as we did in Creative Displays, to interpret the term "adjacent" in the context of the enactment employing that word. Here, therefore, we construe the term "adjacent" in harmony with the purpose and intent underlying the zoning ordinance's lot-coverage provisions. In doing so, we conclude, as did the circuit court, that the BZA applied correct principles of law and adopted an interpretation of the term "adjacent" that is not plainly wrong or in violation of the purpose and intent of the Norfolk Zoning Ordinance as a whole. Furthermore, the provisions of Norfolk Zoning Ordinance § 2-3 state that "[a] lot _may_ consist of combinations of adjacent individual lots." (Emphasis added.) That section does not require arguably adjacent lots to be combined in every situation.

---

[4] The current version of Black's Law Dictionary defines adjacent as "[l]ying near or close to, but not necessarily touching." Black's Law Dictionary 44 (8th ed. 2004).

12

Thus, we cannot say the decision of the BZA upholding the zoning administrator's interpretation was "so at odds with the plain language used in the ordinance as a whole" that the decision should be reversed.  Board of Zoning Appeals v. 852 L.L.C., 257 Va. 485, 489, 514 S.E.2d 767, 770 (1999).  Nor did the BZA err by considering the future implications of adopting a different interpretation of the term "adjacent."

CONCLUSION

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.

13