Present:  All the Justices

JAMES B. LOVELACE, ET AL.

v.  Record No. 071338     OPINION BY JUSTICE DONALD W. LEMONS
                                      June 6, 2008
ORANGE COUNTY BOARD OF
ZONING APPEALS

FROM THE CIRCUIT COURT OF ORANGE COUNTY
F. Ward Harkrader, Judge Designate

In this appeal, we consider whether the Circuit Court of Orange County erred by affirming the Orange County Board of Zoning Appeals' decision that upheld a zoning administrator's decision to deny a permit for the construction of a residential dwelling with a garage and shed.

I. FACTS AND PROCEEDINGS BELOW

In October 2001, the Board of Supervisors of Orange County granted Virginia Timberline, LLC ("Timberline") a special use permit to develop a cluster subdivision along the shore of Lake Anna.  The permit, in letter form, stated: "Final approval of the subdivision plan is subject to the approval of a specific open space/recreation plan for the reserve area of development."

In March 2002, Timberline filed a plat of the subdivision with the Clerk's Office of the Circuit Court of Orange County. The plat depicts thirty lots of approximately one acre each lining the north shore of Lake Anna.  A 106.36 acre parcel

described on the map as "REMAINING LAND" is located immediately to the north of the subdivided lots.

Next to the map on the plat is a column of notes. The sixth of the eleven typed notes states: "Current zoning of all parcels: Agricultural (A). This property is subject to a special use permit that allows cluster developments granted by the Orange County Board of Supervisors." Below those notes, the following statement appears on the plat: "Reserved area as shown hereon is intended as open space as part of Daniel's Point subdivision and is not to be further developed or subdivided." The plat also states that "[t]he subdivision shown on this plat has been reviewed and approved by [Orange County] in accordance with existing regulations, and may be committed to record." No additional declaration of covenant was filed with the clerk of court to restrict the parcel pursuant to § 70-736(c) of the Orange County Code.

In August 2003, James and Barbara Lovelace ("Lovelace") purchased the 106 acre parcel identified on the map as "REMAINING LAND." Lovelace purchased the parcel from the principals of Timberline and their spouses who had obtained the parcel from the developer. Lovelace applied for a zoning permit to build a residence with a garage and shed in March 2006. The permit was initially approved. However, the zoning administrator ("administrator") later declared that the permit

was "null and void and was issued in error." The administrator contended that the "reserved area" referred to on the plat is the "REMAINING LAND" shown on the map. Because Orange County Code § 70-736(a) states that "[t]he zoning administrator shall issue no zoning permit and the subdivision agent shall approve no plat that would violate the terms or the intent of [the preservation of the reserved areas]," the administrator concluded that Lovelace's 106 acres could not be developed in any manner because it is reserved as open space.

Lovelace appealed the administrator's decision to the Orange County Board of Zoning Appeals ("BZA"). After a hearing, the BZA unanimously voted to uphold the administrator's decision. Lovelace appealed the BZA decision to the Circuit Court of Orange County, pursuant to Code § 15.2-2314. The trial court held that in spite of the careless procedures followed, the plat and the use restrictions listed on it were in the chain of title and were therefore binding on Lovelace. The circuit court held that the "reserved area" mentioned on the plat refers to the area on the map described as "REMAINING LAND" and that the "property was intended to be considered a part of the Daniel's Point cluster subdivision and was to be an open-space preserve for the benefit of the smaller lots in the Subdivision." The trial court affirmed the BZA's decision that the restriction

3

applied to the Lovelace parcel and that as a result, no structures could be built on the parcel.

We granted Lovelace this appeal upon seven assignments of error in which Lovelace argues that the plat notation restricting a "reserved area" does not apply to the Lovelace parcel and that even if the parcel is bound by the notation, it does not prevent Lovelace from building a single-family dwelling.

## II. ANALYSIS

On appeal before a circuit court, the BZA's findings and conclusions on questions of fact are presumed correct, however the circuit court reviews the BZA's conclusions of law de novo. Code § 15.2-2314. Likewise, on appeal to this Court, the circuit court's findings of fact are presumed correct, but its conclusions of law are reviewed de novo. See Trustees of the Christ and St. Luke's Episcopal Church v. Board of Zoning Appeals, 273 Va. 375, 381, 641 S.E.2d 104, 107 (2007).

On appeal, Lovelace asserts that in order for the special use permit restrictions to apply to Lovelace's property, the Orange County Code required the developer to file a declaration of covenant with the clerk of court. Lovelace argues that because the developer never filed a declaration of covenant, there are no restrictions on the Lovelace parcel. Moreover, Lovelace maintains that the ambiguous plat notation

does not serve as a substitute for a recorded declaration of covenant.  We agree with Lovelace.

On this record, we hold that the failure to record a declaration of covenant combined with the use of ambiguous language on the plat results in an ineffective attempt to restrict the use of Lovelace's parcel.  Orange County Code § 70-736(c) provides, in pertinent part:

> The reserved area may be held by the original owner.  The owner shall file with the clerk of the court a declaration of covenant stating that, in consideration of the county's approval of the subdivision as a cluster development, the owner agrees not to further subdivide or develop the reserved area, but to use it only for agriculture, forestry, recreation and open space.  Such declaration of covenant shall run with the land and shall be approved by the county attorney and the zoning administrator.

Orange County Code § 70-736(c) (emphasis added).[*]  Such a declaration of covenant properly filed in the land records pursuant to the requirements of the ordinance would have placed Lovelace on notice of restrictions upon development.

Absent a recorded declaration of covenant, the only possible notice Lovelace received concerning the subject property was an ambiguous restriction listed in notes on the plat.  Restrictions on "the free use of land, although widely

_____

[*] As of November 15, 2006, Orange County Code §§ 70-731 to 70-737 were repealed.  References in this opinion to those Orange County Code sections pertain to the version in effect before the 2006 amendments.

used, are not favored and must be strictly construed and the burden is on the party seeking to enforce them to demonstrate that they are applicable to the acts of which he complains." Waynesboro Village, L.L.C. v. BMC Properties, 255 Va. 75, 80, 496 S.E.2d 64, 67 (1998) (quoting Friedberg v. Riverpoint Bldg. Comm., 218 Va. 659, 665, 239 S.E.2d 106, 110 (1977)); see also Scott v. Walker, 274 Va. 209, 212-13, 645 S.E.2d 278, 280 (2007) (same) and Riordan v. Hale, 215 Va. 638, 641, 212 S.E.2d 65, 67 (1975) (same). Substantial doubt or ambiguity is to be resolved against the restrictions and in favor of the free use of property. Scott, 274 Va. at 213, 645 S.E.2d at 280; Schwarzschild v. Welborne, 186 Va. 1052, 1058, 45 S.E.2d 152, 155 (1947). We have defined "ambiguity" as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time." Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 796 (1983) (quoting Webster's Third New Int'l Dictionary 66 (3d ed. 1976)). These principles guide our resolution of this case.

We hold that the language on the plat is ambiguous as a matter of law. Although the plat states that the "reserved area" is intended as open space for the benefit of Daniel's Point subdivision, there is no area on the map designated as "reserved area." The 106 acres that Lovelace purchased is

described on the map as "REMAINING LAND" and there is no notation on the plat restricting the "REMAINING LAND." If the "reserved area" restriction was intended to refer to Lovelace's property, it would have been easy to say so and its application would not be left to the uncertainty of inference. See Scott, 274 Va. at 218, 645 S.E.2d at 283; Schwarzschild, 186 Va. at 1058, 45 S.E.2d at 155.

The trial court correctly observed that "the chain of title to the subject property is so lacking with respect to the use restrictions . . . that it amounts to sloppy procedures that wind up harming innocent parties." However, the trial court erred in holding that the plat notes, nonetheless, prohibited the Lovelace's ability to build a residence with garage and shed. Because we hold that the plat in question imposes no restrictions on the 106 acre parcel that Lovelace purchased and no declaration of covenant was recorded in the land records, we need not address Lovelace's second argument that even if the Lovelace parcel is bound by the plat notion, the language cannot prevent Lovelace from building a single-family dwelling.

### III. CONCLUSION

For the reasons stated, the judgment of the circuit court will be reversed and the case will be remanded for entry of an order stating that the notations on the March 2002 plat

7

restricting a "reserved area" do not prohibit Lovelace from building the proposed residence with garage and shed, to be recorded among the land records.

<u>Reversed and remanded</u>.