# CIRCUIT COURT OF CHESTERFIELD COUNTY

Joseph A. Romito

v.

The Bexley Association

September 15, 2010

Case No. CL09-886

By Judge Herbert C. Gill, Jr.

The parties went before this Court on July 28, 2010, for a hearing to determine the validity of the Defendant's Declaration recorded in May 2009. This is a matter of first impression for the Commonwealth, and, as such, this Court took the matter under advisement to review the parties' arguments, as well as the applicable law.

Restrictions on the free use of land, although widely used, are not favored in the law and must be strictly construed. *Lovelace v. Orange County Bd. of Zoning Appeals*, 276 Va. 155, 661 S.E.2d 831 (2008), quoting *Friedberg v. Riverpoint Bldg. Comm.*, 218 Va. 659, 665, 239 S.E.2d 106 (1977). The party seeking to enforce restrictive covenants has the burden of proving that they are applicable to the acts of which be complains. *Id.* Further, courts of equity will enforce restrictive covenants only where the intention of the parties is clear in creating them and the restrictions are reasonable. They are not favored nor will they be aided or extended by implication. *Stevenson v. Spivey*, 132 Va. 115, 119, 110 S.E. 367 (1922).

In an attempt to carry its burden, the Defendant calls this Court's attention to cases in Illinois and Colorado. In *Zito v. Gerken*, the Plaintiff took a deed containing covenants setting forth the existence of a voluntary association that had the right to amend. *Id.*, 225 Ill. App. 3d 79, 80, 587 N.E.2d 1048, 167 Ill. Dec. 433 (1992). That association also reserved powers it deemed to be necessary to effectuate the desires of its membership. *Id.*

In *Evergreen Highlands Assn. v. West*, the plaintiff had notice of a voluntary association and the association's purpose. In a chain of title search, a prospective homebuyer could see that the voluntary association

was to maintain the common area and facilities, enforcing the covenants, paying taxes on the common area, and determining annual fees. *Id.*, 73 P.3d 1, 5-6 (Colo. 2003). In that case, the association provided notice to the plaintiff as to its intentions.

In the present case, the plaintiff had no notice. Prior to and leading up to the point plaintiff took title, the plaintiff never agreed to buy into a homeowners' association nor was he made aware of common areas. Furthermore, he never agreed to incur fees whether it be at the outset or after amendment ratified by majority vote of his fellow Bexley landowners. To say that a taxpaying citizen could buy a home and then be forced to incur financial obligations without prior notice is simply unjust.

The Defendant's argument is further weakened when one looks to the Property Owners' Association Act. It defines a "common area" as "property within a development which is owned, leased, or required by the declaration to be maintained or operated by a property owners' association for the use of its members and designated as common area in the declaration." Va. Code § 55-509. Again, the Defendant in this case did not designate any areas as common areas in the declaration, and, as such, the plaintiff and the defendant never contracted for rights to be given to the plaintiff. Under Virginia law, the plaintiff cannot be held to pay for land he has no rights to. Since he was not entitled to the use and enjoyment of the properties owned by the Defendant, he is not financially obligated to incur fees.

This Court adopts the approach that restrictive covenants are to be construed so as to give effect to the intention of the parties at the time they agreed to the covenants. *Boyles v. Hausmann*, 246 Neb. 181, 186, 517 N.W.2d 610 (1994), quoting *Breeling v. Churchill*, 228 Neb. 596, 423 N.W.2d 469 (1988). Much like *Spivey, Boyles* stands for the proposition of enforcing agreements that are in line with the intent of the parties at the time of contract. Since the Defendant wishes to enforce terms to an agreement the plaintiff never agreed to, this Court will not find for the Defendant.

After careful analysis of the case law and the parties' arguments, this Court finds that the Defendant fails to show a clear intent between the two parties at the time of contract formation. Since no clear intent existed, the Defendant lacked the power to enforce its amendments against the Plaintiff and to create an obligation for him to pay for maintenance and other fees for common areas.

The Court, upon reconsideration on the issue of sanctions, will vacate the ruling and will award no sanctions under Va. Code § 8.01-271.1.