Present:  All the Justices

HELEN PARKER-SMITH

v. Record No. 002184  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    September 14, 2001
STO CORPORATION, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

This appeal involves claims alleging false advertising, breach of warranty, and fraud arising out of the application of a synthetic stucco material known as "Exterior Insulation Finish System" (EIFS) to a residential home.  Because we conclude that the period of limitation in Code § 8.01-248 applies to the false advertising claims, we will affirm the circuit court's judgment sustaining pleas of the statute of limitations as to those counts.  We cannot, however, reach the merits of the counts alleging breach of warranty and fraud because the circuit court had independent grounds for dismissing those counts that were not assigned as error.  Consequently, we will also affirm the court's judgment dismissing those counts.

I. FACTS AND MATERIAL PROCEEDINGS

Because this case was decided by the circuit court upon a plea of the statute of limitations, a demurrer, and a motion for summary judgment, all without evidentiary hearings, we will summarize the facts as alleged in the

pleadings.  See Eagles Court Condo. Unit Owners Ass'n v.
Heatilator, Inc., 239 Va. 325, 327, 389 S.E.2d 304, 304
(1990) (summarizing facts as stated in pleadings when
reviewing case decided on demurrer).  In doing so, we
consider the facts stated and all those reasonably and
fairly implied in the light most favorable to the nonmoving
party, Helen Parker-Smith.  See Yuzefovsky v. St. John's
Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 137
(2001) (applying that principle of appellate review when
case decided on demurrer); Dudas v. Glenwood Golf Club,
Inc., 261 Va. 133, 136, 540 S.E.2d 129, 130-31
(2001)(applying same principle when case decided on motion
for summary judgment).

Parker-Smith purchased a house located in Fairfax
County in July 1994.  West Homes, Inc., had built that
house in 1991-1992 and sold it in 1992 to Parker-Smith's
predecessor-in-interest.  The house's exterior was covered
with EIFS that Sto Corporation, a/k/a Sto Industries, had
manufactured.

When Sto sold its EIFS to West Homes in 1992, Sto
issued a written warranty that its EIFS would be "free from
defects in material for a period of seven (7) years from
the date of Sto's original invoice to Sto's supplier,

distributor, contractor, applicator or owner."[1]  As reflected in the following provision of the warranty, Sto's liability was limited to supplying replacement materials and labor:

> Sto shall not be responsible for incidental or consequential damages as such terms are defined in Section 2-715 of the Uniform Commercial Code, . . . regardless of cause. Sto's sole responsibility and liability under this warranty shall be to supply replacement materials and labor for any Sto product warranted hereunder shown to be defective within seven (7) years from the date of Sto's original invoice to Sto's supplier, distributor, contractor, applicator or owner, as the case may be.  This is the sole remedy under this warranty to the purchaser, or other person or entity claiming under this warranty, which shall include the owner of the structure to which the Sto materials were applied, as the end user of the Sto products.

After moving into the house, Parker-Smith discovered that her home had sustained significant damage allegedly caused, in part, by a defect in Sto's EIFS.  According to Parker-Smith's averments, EIFS is designed to provide a water-proof exterior surface.  However, some water penetrated that surface and, because of the nature and design of the EIFS, could not escape other than to seep through the underlying substructure of her house, causing rotting, structural deterioration, mold, mildew, and insect

---

[1] When West Homes sold the house at issue in this appeal, it assigned the warranty to the buyer, who in turn assigned it to Parker-Smith when she purchased the house in 1994.

infestations.  Parker-Smith discovered such problems in her home.

Consequently, she filed an action against Sto and West Homes, seeking, among other things, damages in an amount sufficient to demolish and rebuild her home.[2]  As pertinent to this appeal, Parker-Smith alleged, in a second amended motion for judgment, claims for false advertising against both Sto and West Homes.  In that pleading, she also included counts alleging breach of warranty, and actual and constructive fraud against Sto.  In response, Sto filed a demurrer, a plea of the statute of limitations, and a motion for summary judgment.  West Homes asserted a plea of the statute of limitations with regard to the false advertising claim.

The circuit court subsequently issued a letter opinion sustaining West Homes' plea of the statute of limitations. The court determined that a cause of action for false advertising is subject to the "catch-all" limitation period in Code § 8.01-248, rather than the limitation period and accrual date applicable to a cause of action for fraud set

---

[2] When Parker-Smith initially filed her action on August 12, 1998, she named only Sto and four individuals as defendants.  Those four individual defendants and any issues regarding them are not before us in this appeal. Parker-Smith added West Homes as a defendant in her first amended motion for judgment filed on April 7, 1999.

4

forth in Code §§ 8.01-243(A) and 8.01-249(1), respectively. Thus, the court concluded that Parker-Smith's false advertising claim was time-barred. The court subsequently entered an order incorporating its letter opinion and dismissing the case with prejudice as to West Homes.

In a separate order, the circuit court also sustained Sto's plea of the statute of limitations with regard to the false advertising claim asserted against it. As to the fraud counts alleged against Sto, the court sustained the demurrer on the basis that Parker-Smith had failed to plead those counts with sufficient specificity. The court also granted Sto's motion for summary judgment because of lack of reliance by Parker-Smith upon the alleged misrepresentations.

In a second letter opinion, the circuit court addressed Sto's motion for summary judgment and plea of the statute of limitations regarding the breach of warranty claim. Relying on the decision in Luddeke v. Amana Refrigeration, Inc., 239 Va. 203, 387 S.E.2d 502 (1990), the court determined that, since the remedy sought by Parker-Smith, namely demolishing and rebuilding her house, was not within the scope of the limited warranty issued by Sto in 1992, her claim was barred by the four-year limitation period in Code § 8.2-725. In a subsequent order

5

incorporating the reasons stated in its letter opinion, the court sustained Sto's plea of the statute of limitations and dismissed the breach of warranty claim.

In that second letter opinion, the court also concluded that the exclusion of consequential damages from the scope of the warranty was not unconscionable. The court rested its holding on the fact that the warranty, although limited to supplying replacement materials and labor, benefited a large group of people, including original and subsequent owners of the house, and extended for a period of seven years. The court also noted that Parker-Smith did not claim that there was grossly unequal bargaining power between Sto and the beneficiaries of the warranty when the contract was formed. Based on this Court's decision in Envirotech Corp. v. Halco Eng'g, Inc., 234 Va. 583, 593-94, 364 S.E.2d 215, 220-21 (1988), the court rejected the argument that, because the limited warranty failed in its essential purpose, the limitation of liability was unconscionable.

## II. ANALYSIS

Parker-Smith's five assignments of error challenge some of the circuit court's rulings with regard to the counts alleging false advertising, breach of warranty, and

fraud.  Only the assignment of error regarding the claim for false advertising pertains to both Sto and West Homes.

## A. FALSE ADVERTISING

Pursuant to Code § 59.1-68.3, "[a]ny person who suffers loss as the result of" false advertising in violation of Code § 18.2-216 may "bring an individual action to recover damages."[3]  Neither Code § 59.1-68.3 nor § 18.2-216 contains or designates a period of time during which the authorized cause of action must be brought after it accrues.  The issue on appeal is whether the "catch-all" limitation period prescribed in Code § 8.01-248,[4] or the

---

[3] In pertinent part, Code § 18.2-216 states that

[a]ny person, firm, corporation or association who, with intent to sell or in anywise dispose of merchandise, . . . directly or indirectly, to the public for sale or distribution or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, . . . makes, publishes, disseminates, circulates or places before the public, in a newspaper or other publications, . . . an advertisement of any sort regarding merchandise, . . . or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor.

[4] Code § 8.01-248 provides that "[e]very personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has

7

limitation period and time of accrual for a cause of action based on fraud, see Code §§ 8.01-243(A) and –249(1), respectively,[5] applies to an action for false advertising.

Parker-Smith argues that the "catch-all" limitation period in Code § 8.01-248 should not be automatically applied merely because the General Assembly failed to designate a statute of limitations for a false advertising claim. Instead, she contends that this Court should determine the applicable statute of limitations by examining the substantive nature of the claim. Using that analytical framework, Parker-Smith asserts that a false advertising claim sounds in fraud. Therefore, she argues that Code §§ 8.01-243(A) and –249(1), establishing the limitation period and accrual date for a cause of action based on fraud, also control her cause of action for false advertising. Continuing, Parker-Smith asserts that, since she did not discover the defects in the EIFS until 1997,

accrued." Prior to July 1, 1995, the period of limitation in this statutory provision was one year.

[5] In relevant part, Code § 8.01-243(A) states that "every action for damages resulting from fraud[] shall be brought within two years after the cause of action accrues." Code § 8.01-249(1) provides that a cause of action for fraud accrues when such fraud "is discovered or by the exercise of due diligence reasonably should have been discovered."

she timely filed the false advertising claims against Sto and West Homes.

We agree that the nature of the cause of action at issue should be analyzed when determining whether the "catch-all" limitation period in Code § 8.01-248 applies. This Court has previously done so when deciding which statute of limitations controlled a particular cause of action.  See, e.g., Purcell v. Tidewater Constr. Corp., 250 Va. 93, 96, 458 S.E.2d 291, 293 (1995); Curley v. Dahlgren Chrysler-Plymouth, Dodge, Inc., 245 Va. 429, 434-35, 429 S.E.2d 221, 224 (1993); Vines v. Branch, 244 Va. 185, 189-90, 418 S.E.2d 890, 893-94 (1992); Winslow, Inc. v. Scaife, 219 Va. 997, 998, 1000, 254 S.E.2d 58, 60 (1979) (per curiam); Hospelhorn v. Corbin, 179 Va. 348, 351, 357, 19 S.E.2d 72, 73, 76 (1942).

Utilizing that approach, we conclude, however, that a cause of action for false advertising brought pursuant to Code §§ 59.1-68.3 and 18.2-216 does not sound in fraud.  In reaching this conclusion, we recognize that a false advertising claim bears some resemblance to fraud in that Code § 18.2-216 prohibits an advertisement that "contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive

9

or misleading."  However, there are at least two important distinctions between a cause of action for false advertising and one for fraud.

With regard to the first distinction, a party bringing an action alleging either actual or constructive fraud must prove that a representation was false.  Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).  However, a violation of Code § 18.2-216 occurs when an advertisement contains a representation that, although deceptive or misleading, is not necessarily false or untrue.  The phrase "untrue, deceptive or misleading" in Code § 18.2-216 is in the disjunctive.  And, "[w]hen the General Assembly uses . . . different terms in the same act, it is presumed to mean . . . different things.  Forst v. Rockingham Poultry Mktg. Coop., Inc., 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981).

Second, in fraud, the misrepresentation must relate to a present or pre-existing fact; it cannot be "'predicated on unfulfilled promises or statements as to future events.' "  ITT Hartford Group, Inc. v. Virginia Fin. Assocs., Inc., 258 Va. 193, 203, 520 S.E.2d 355, 361 (1999) (quoting Patrick v. Summers, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988)); see also Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc., 258 Va. 377, 382, 520

S.E.2d 362, 365 (1999).  In contrast, the misrepresentation in a false advertising claim does not have to relate to a statement of present or pre-existing fact.  It can be just a promise.  See Code § 18.2-216 ("promise, assertion, representation or statement of fact").  Again, the General Assembly used different terms in the disjunctive.  See Forst, 222 Va. at 278, 279 S.E.2d at 404.

Because of these notable differences, we conclude that the statutory cause of action for false advertising is not properly analogized to a common law cause of action for fraud.  Therefore, a false advertising claim is not subject to the limitation period in Code § 8.01-243(A) and the time of accrual in Code § 8.01-249(1), both of which pertain to an action for fraud.  Instead, a cause of action for false advertising is an action for which no limitation period is prescribed.  Therefore, Code § 8.01-248 is applicable, and the circuit court correctly determined that Parker-Smith's claims for false advertising were barred under either the former one-year or the current two-year limitation period in that statutory provision.[6]

---

[6] Parker-Smith does not raise any issue regarding when her false advertising claims accrued for purposes of applying the limitations period in Code § 8.01-248.

## B. BREACH OF WARRANTY

In Parker-Smith's two assignments of error regarding her breach of warranty claim, she asserts that the circuit court erred by failing to distinguish between the applicability of Code §§ 8.2-719(2) and -719(3), and by determining that Sto's warranty, which excluded liability for consequential damages, is not unconscionable.[7]  In making these arguments, Parker-Smith acknowledges that the damages she seeks to recover against Sto are the costs of demolishing and rebuilding her home, not the costs of replacement materials and labor.  In other words, she does not contest the fact that she is not seeking the remedy provided in the limited warranty.  Based on that fact and this Court's decision in Luddeke, the circuit court concluded that her breach of warranty claim is barred by the limitation period in Code § 8.2-725.  And, in its order, the court specifically dismissed the count alleging breach of warranty for that reason.

---

[7] Code § 8.2-719(2) provides that "[w]here circumstances cause an exclusive or limited warranty to fail of its essential purpose, remedy may be had as provided in this act."  Section 8.2-719(3) states, in pertinent part, that "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."

Yet, Parker-Smith did not assign error to that dispositive basis for the circuit court's decision. She assigned error only to the court's finding regarding the exclusion of consequential damages. Because her assignments of error do not challenge the court's independent basis for its judgment sustaining the plea of the statute of limitations on the breach of warranty count, we do not address Parker-Smith's arguments pertaining to the question whether the exclusion of consequential damages was unconscionable. Rule 5:17(c); Rash v. Hilb, Rogal & Hamilton Co. of Richmond, 251 Va. 281, 286-87, 467 S.E.2d 791, 795 (1996).

## C. FRAUD

Parker-Smith asserted claims for actual and constructive fraud against Sto on the basis that Sto failed to disclose to the public known defects in its EIFS. In ruling on Sto's challenges to those claims, the court not only sustained the demurrer on the ground that Parker-Smith failed to plead those counts with adequate specificity, but also granted Sto's motion for summary judgment because of the lack of reliance by Parker-Smith upon the alleged misrepresentations.

Parker-Smith's two assignments of errors with regard to her fraud claims address only the court's decision

13

sustaining Sto's demurrer.  Specifically, she assigned error to the court's determination that a manufacturer with superior knowledge of inherent defects in its product and the reasonably foreseeable damage that will result from those defects has no duty to disclose such information to the consuming public.  Parker-Smith also assigned error to the court's conclusion that she did not plead her fraud counts with adequate specificity.  She did not assign error to the circuit court's separate ruling based on her lack of reliance.  Since the court had an independent basis for dismissing the fraud counts that is not the subject of an assignment of error, we cannot consider the arguments advanced by Parker-Smith regarding her fraud claims.  Rule 5:17(c); Rash, 251 Va. at 286-87, 467 S.E.2d at 795.

CONCLUSION

For the reasons stated, we will affirm the judgment of the circuit court.[8]

Affirmed.

---

[8] In light of our decision, we do not reach the assignments of cross-error.

14