Present:  All the Justices

ADAMS OUTDOOR ADVERTISING,
L.P., ET AL.

v.  Record No. 061272  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        June 8, 2007
BOARD OF ZONING APPEALS OF
THE CITY OF VIRGINIA BEACH

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    William R. O'Brien, Judge

     In this appeal, the dispositive issue is whether the

installation of an electronic message board "enlarged" a

lawful, nonconforming billboard in violation of a city's

zoning ordinance.  Because we conclude that the message

board did enlarge the billboard, we will affirm the

judgment of the circuit court upholding the decision of a

board of zoning appeals.

                      FACTS AND PROCEEDINGS

     In 1988, the City of Virginia Beach (the City) adopted

an ordinance prohibiting the erection of billboards within

the City limits.  In relevant part, the ordinance provides:

        No new billboards shall be erected within the city
        limits, effective immediately.  All existing
        billboards shall be governed by the provisions of
        section 215 of this ordinance.  No billboard
        heretofore erected shall be located, in whole or in
        part, upon improved property.

City of Virginia Beach Comprehensive Zoning Ordinance (CZO)

§ 216(a).  With respect to existing billboards, CZO

§ 215(a) provides, in pertinent part:

> Notwithstanding the provisions of section 105(f) of this ordinance, no nonconforming sign shall be structurally altered, enlarged, moved or replaced, whether voluntarily or by reason of involuntary damage to or destruction of such sign, unless such sign is brought into compliance with the provisions of this ordinance.

Adams Outdoor Advertising, L.P. (Adams), owns a billboard erected in the City on real estate owned by F. Wayne McLeskey, Jr. Since the billboard was in existence when CZO § 216(a) became effective, it was a lawful, nonconforming billboard. See Code § 15.2-2307; CZO § 105. In March 2004, the City zoning administrator informed Adams that it had "structurally altered and enlarged" the subject billboard in violation of CZO § 215(a) by installing a large, black, electronic message board on the billboard. The zoning administrator directed Adams to remove the billboard within 30 days.

In accordance with Code § 15.1-2311, Adams appealed the zoning administrator's determination to the City board of zoning appeals (BZA). At the BZA hearing, the zoning administrator testified that she concluded Adams had "structurally altered" and "enlarged" the billboard because Adams cut holes in its face and added bracing in order to install the message board, and because the message board increased both the weight and mass of the billboard. Adams acknowledged that it had obtained a permit to upgrade the

2

electrical service to the billboard to accommodate the message board.  It also admitted that the message board weighed 3,500 pounds.  Adams argued, however, that the installation of the message board was not a structural alteration or an enlargement of the subject billboard.

To support its position, Adams introduced a letter from a structural engineer, opining that the addition of the electronic message board did "not increase the force in any structural element by more than [five percent]" and was not, therefore, "'structural' as defined by the International Building Code, [IBC §] 3403.2, which [was] incorporated into the Virginia Uniform Statewide Building Code." [1]  He also opined that the message board was "smaller in sign area [than] the original sign and its weight is negligible."

The BZA voted to uphold the zoning administrator's determination.  One BZA member commented, "[T]o alter or modify a sign to support thirty-five hundred pounds . . . requires a significant amount of structural change.  In this case, it's [a] violation of Section 215."

Adams and McLeskey (collectively, the petitioners), subsequently filed a petition for a writ of certiorari in

the circuit court, asserting that the installation of the electronic message board to one side of the billboard was not a structural alteration or an enlargement, and that, because Adams had subsequently taken the message board off the billboard, the City had no right to demand removal of the entire billboard without paying it "just compensation" under Code § 33.1-379(E).  The petitioners requested the circuit court to reverse the BZA's decision and enter a final order directing that Adams did not have to remove the billboard.

At the hearing before the circuit court, the petitioners introduced testimony from a structural engineer, who testified that the force load of the electronic message board was less than five percent.  The engineer therefore opined that the message board was not a structural alteration within the meaning of IBC § 3402.2. He further explained that, based on his visual inspection of the message board, it was sitting on protruding "horizontal angles" and the board was "strapped back with nylon cinch straps."  According to the engineer, "[t]he straps were strapped to the steel angles and channels and support beams."

_____

[1]  Apparently, the engineer's citation to IBC § 3403.2 was a clerical error.  He should have referenced IBC

4

The zoning administrator testified on behalf of the BZA with regard to her determination that the addition of the electronic message board had both "structurally altered" and "enlarged" the billboard. The zoning administrator explained that the message board had "enlarged" the billboard because it "added to the size, the depth, [and] the volume of the structure." Continuing, the zoning administrator testified that the installation of the message board "structurally altered" the billboard due to the steel beams that had been bolted in place. Finally, relying on the provisions of CZO §§ 215(a) and 216(a), the zoning administrator stated that Adams must bring the billboard into compliance with the CZO, meaning that Adams must remove it since billboards are no longer allowed in the City.

In a letter opinion, which the circuit court incorporated into its final order, the court interpreted the terms "structurally altered" and "enlarged" according to their plain meanings since the CZO does not define either term. The court also considered the CZO's definition of the terms "structure" and "[s]igns, surface

_____

§ 3402.2.

area."[2]  The circuit court concluded that the installation

of the electronic message board "structurally altered" the

billboard.  The court further concluded that, although the

message board "did not add to the height or length of the

billboard's surface, it increased the width on one side."

The circuit court next addressed the argument that

removal of the billboard was not required since Adams had

remedied any structural alteration or enlargement by

returning the billboard to its original condition.  Relying

on this Court's decision in Adams Outdoor Advertising, Inc.

v. Board of Zoning Appeals, 261 Va. 407, 544 S.E.2d 315

(2001), the court concluded that "[t]he ordinance only

appears to suggest removal of a billboard as a remedy for

---

[2]  The CZO defines the term "[s]tructure" as
"[a]nything constructed or erected with a fixed location on
the ground, or requiring a fixed location on the ground, or
attached to something having or requiring a fixed location
on the ground."  CZO § 111.

   In defining the term "[s]igns, surface area," the CZO
states:
   The surface area of a sign shall be computed as
   including the entire area within a parallelogram,
   triangle, circle, semicircle or other regular
   geometric figure, including all of the elements
   of the matter displayed, but not including blank
   masking, frames or structural elements outside
   the sign surface and bearing no advertising
   matter.  The surface area of each face of a
   double-faced sign shall count to[ward the] total
   sign area permitted.

Id.

6

abandoned nonconforming billboards." Thus, the circuit court concluded "that the BZA did not err" by requiring Adams to remove the billboard.

In its final order, the circuit court held that the BZA did not apply erroneous principles of law and that the BZA's interpretation of the relevant zoning ordinance provisions was not plainly wrong or in violation of the purpose and intent of the CZO. The court therefore upheld the BZA's determination and directed Adams to remove the billboard. This appeal ensued.

## ANALYSIS

On appeal to the circuit court, the BZA's decision was entitled to a presumption of correctness. Code § 15.2-2314 (2003) (amended by 2006 Acts ch. 446).[3] Although Code § 15.2-2314 provides that the appealing party may rebut the presumption "by proving by a preponderance of the evidence . . . that the [BZA] erred in its decision," that evidentiary standard "pertains only to questions about the

---

[3] As of July 1, 2006, the provisions of Code § 15.2-2314 state that on appeal to a circuit court, "the findings and conclusions of the board of zoning appeals on questions of fact shall be presumed to be correct" and that "[t]he court shall hear any arguments on questions of law de novo." 2006 Acts ch. 446. In this opinion, all references to Code § 15.2-2314 pertain to the version in effect at the time the petitioners filed their petition for a writ of certiorari in the circuit court, which occurred before the

7

sufficiency of the record to prove a particular fact."
Board of Supervisors v. Board of Zoning Appeals, 271 Va.
336, 348, 626 S.E.2d 374, 381 (2006).  When, as in the
present case, the issue before the circuit court was a
question of law, i.e. the meaning of certain terms used in
the CZO, the petitioners had the burden of proving that the
BZA "either applied 'erroneous principles of law' or that
its decision was 'plainly wrong and in violation of the
purpose and intent of the zoning ordinance.'"  Trustees of
the Christ & St. Luke's Episcopal Church v. Board of Zoning
Appeals, 273 Va. 375, 380, 641 S.E.2d 104, 107 (2007)
(quoting Board of Supervisors, 271 Va. at 348, 626 S.E.2d
at 382) (internal quotation marks omitted).  On appeal to
this Court, we apply the same presumption of correctness to
the circuit court's determination affirming the BZA's
decision.  Id. at 381, 641 S.E.2d at 107 (citing Patton v.
City of Galax, 269 Va. 219, 229, 609 S.E.2d 41, 46 (2005)).

The petitioners assign error to the circuit court's
judgment upholding the BZA's determination that the
installation of the electronic message board both
"structurally altered" and "enlarged" the billboard in
violation of CZO § 215(a).  They also assign error to the

_____

2006 amendments enacted by the General Assembly became
effective.

8

circuit court's ruling that Adams must remove the billboard in order to comply with the CZO.  In order to resolve this appeal, we need to decide only whether the message board "enlarged" the billboard.

With regard to that issue, the petitioners argue that, since the CZO does not define the term "enlarged," the definition of the term "[s]igns, surface area" set forth in CZO § 111, see supra text accompanying note 2, provides "the only objective and measurable standard" for determining whether the addition of the message board actually enlarged the billboard.  Thus, according to the petitioners, since the message board did not increase the square footage of the billboard's advertising area under that definition, the installation of the message board did not enlarge the billboard in violation of CZO § 215(a).

In response, the BZA argues that the zoning administrator and BZA properly applied the "plain and natural meaning" of the term "enlarged."  See Capelle v. Orange County, 269 Va. 60, 65, 607 S.E.2d 103, 105 (2005) (applying "the plain and natural meaning" of words contained in a zoning ordinance).  The BZA further contends that whether the addition of the message board increased the square footage of the advertising surface area is not the controlling factor in deciding whether Adams enlarged

9

the billboard.  Instead, the BZA asserts that any increases in the billboard's mass and volume must also be considered. Since the addition of the message board increased the weight and depth of the billboard, the BZA contends that Adams "enlarged" the billboard.  We agree with the BZA.

When construing a zoning ordinance and its undefined terms, we give such terms their "plain and natural meaning."  Capelle, 269 Va. at 65, 607 S.E.2d at 105 (citing Donovan v. Board of Zoning Appeals, 251 Va. 271, 274, 467 S.E.2d 808, 810 (1996); McClung v. County of Henrico, 200 Va. 870, 875, 108 S.E.2d 513, 516 (1959)). "Although we give consideration to the purpose and intent of the ordinance, we are not permitted to extend the ordinance provisions by interpretation or construction beyond such intent and purpose."  Id. (citing Donovan, 251 Va. at 274, 467 S.E.2d at 810; Gough v. Shaner, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955)).  We also afford "great weight" to the interpretation given a zoning ordinance by the officials charged with its administration. Donovan, 251 Va. at 274, 467 S.E.2d at 810; accord Trustees, 273 Va. at 381, 641 S.E.2d at 107.

The term "enlarge" means "to make larger; increase in quantity or dimensions; . . . to increase the capacity of." Webster's Third New International Dictionary 754 (1993).

10

The evidence in the record before us demonstrates that the electronic message board added between 3,000 and 3,500 pounds to the weight of the billboard. While the message board did not increase the billboard's height, length, or the square footage of its advertising surface area, it did, however, increase the billboard's depth. Thus, we conclude, as did the zoning administrator, the BZA, and the circuit court, that the addition of the message board "enlarged" the billboard in both dimension and weight. In this case, that determination was a "judgment call . . . best accomplished by those charged with enforcing" the CZO. Trustees, 273 Va. at 381, 641 S.E.2d at 107 (internal quotation marks omitted); see also Lamar Co., LLC v. Board of Zoning Appeals, 270 Va. 540, 547, 620 S.E.2d 753, 757 (2005). Furthermore, contrary to the petitioners' argument, nothing in the CZO's definition of the term "[s]igns, surface area" suggests that a nonconforming billboard is "enlarged" only when the square footage of the advertising surface area is increased.

CONCLUSION

For these reasons, we conclude that the BZA, in finding that the addition of the message board "enlarged" the billboard, did not apply erroneous principles of law. Nor was its decision plainly wrong and in violation of the

11

intent and purpose of the CZO.  See Trustees, 273 Va. at 380, 641 S.E.2d at 107.  Because the provisions of CZO § 215(a) requiring that no nonconforming billboard "shall be structurally altered, enlarged, moved or replaced" are in the disjunctive, it is not necessary to address the petitioners' assignment of error challenging the circuit court's decision that the installation of the message board "structurally altered" the billboard.

Furthermore, the petitioners' remaining assignment of error challenging the circuit court's holding that Adams must remove the billboard in order to comply with the CZO speaks only to the "determination that a structural alteration made to a nonconforming billboard cannot be cured by returning the billboard to the same condition in which it existed prior to the structural alteration." (Emphasis added).  The petitioners do not challenge the circuit court's separate, independent holding that Adams could not cure the enlargement of the billboard by returning the billboard to its preexisting condition. Thus, we will not consider that assignment of error.[4]  See Magco of Maryland, Inc. v. Barr, 262 Va. 1, 1, 545 S.E.2d

_____

[4]  We likewise will not address the petitioners' argument about "just compensation."  That issue was not before the BZA.  See Adams Outdoor Advertising, 261 Va. at 416, 544 S.E.2d at 320.

12

548, 548 (2001) (when there is an independent basis for the lower court's judgment that is not challenged on appeal, this Court does not address the assigned error).

For these reasons, we will affirm the circuit court's judgment.

<u>Affirmed</u>.

13