PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Lacy, S.J.

RODNEY C. DAVIS

v. Record No. 070376                          OPINION BY
                                    JUSTICE BARBARA MILANO KEENAN
                                           November 2, 2007

GENE M. JOHNSON, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Kathleen H. MacKay, Judge

    In this appeal, a petitioner challenges a circuit court's

judgment dismissing with prejudice his petition for a writ of

habeas corpus.  The primary issue we consider is whether the

circuit court abused its discretion in denying the petitioner's

request to dismiss his claims without prejudice, pursuant to

Bowman v. Washington, 269 Va. 1, 605 S.E.2d 585 (2004), when

petitioner was awarded a belated appeal of his criminal

convictions to the Court of Appeals.

    In 2004, Rodney C. Davis pleaded guilty in the Circuit

Court of Fairfax County to two counts of distribution of

cocaine.  The circuit court found Davis guilty as charged and

sentenced him to serve two concurrent terms of five years and

four months' imprisonment.

    Davis later filed a petition for a writ of habeas corpus in

the circuit court under Code § 8.01-654(B), in which he asserted

18 claims. Davis' first four claims involved allegations of ineffective assistance of counsel.

In claim (a), Davis alleged that his trial counsel failed to prepare properly for trial, failed to interview witnesses, and failed to conduct proper legal research. In claim (b), Davis alleged that his trial counsel failed to prepare adequately for trial and failed to provide Davis with competent advice about Davis' decision to plead guilty, and that Davis' guilty pleas were not intelligently made.

In claim (c), Davis alleged that his trial counsel failed to introduce mitigation evidence during the sentencing phase of trial. In claim (d), Davis alleged that his trial counsel, as well as counsel retained after trial, failed to advise Davis about his right to appeal and failed to file a timely appeal.

In claims (e) through (j), Davis asserted various claims of prosecutorial misconduct. In claims (k) and (l), Davis alleged that the probation officer filed an inaccurate pre-sentence report. In claims (m) through (r), Davis alleged that the trial judge acted in violation of Davis' constitutional rights.

The Commonwealth filed an answer and motion to dismiss Davis' petition, opposing claims (a) through (c) and claims (e) through (r). However, with regard to claim (d), the Commonwealth conceded that Davis should be permitted to file a belated appeal to the Court of Appeals.

2

Davis filed a reply brief in support of his petition, asserting additional claims and alleged facts in support of those claims. Davis attached to this reply brief affidavits and letters from his mother and friends relating their impressions of the conduct of Davis' counsel and the circumstances of his trial.

On October 26, 2006, the circuit court entered an order that granted Davis' original petition with respect to claim (d), allowing Davis to pursue a belated appeal to the Court of Appeals. The circuit court dismissed the remaining claims in Davis' petition with prejudice.

The circuit court dismissed claims (a) through (c), which contained allegations of ineffective assistance of counsel, on several grounds. The circuit court determined that these claims failed to state a ground for relief under the tests set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and Hill v. Lockhart, 474 U.S. 52, 59 (1985). The circuit court also held that claims (a) through (c) were "too conclusory" to demonstrate that Davis suffered prejudice as a result of counsel's alleged ineffective assistance. Finally, the circuit court, citing Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981), held that claims (a) through (c) were "wholly inconsistent" with the representations Davis made at the time of his guilty pleas about the adequacy of his trial counsel and the

intelligent and voluntary nature of his guilty pleas. The circuit court dismissed on several grounds claims (e) through (r), which alleged prosecutorial misconduct and errors by the probation officer and trial judge. The court concluded that 1) these claims were not supported by sufficient factual allegations and, thus, were precluded under the holding in Penn v. Smyth, 188 Va. 367, 370-71, 49 S.E.2d 600, 601 (1948); 2) Davis was bound by his representations at trial about the adequacy of his trial counsel and the voluntary nature of his guilty pleas, based on this Court's holding in Anderson; and 3) these non-jurisdictional issues were barred under Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), because the claims could have been raised at trial and on direct appeal.

Davis filed a timely motion in the circuit court asking that the court "change its [October 26, 2006] order [and] dismiss without prejudice" his remaining claims based on this Court's holding in Bowman. The Commonwealth opposed Davis' motion.

The circuit court denied Davis' request that the court change the terms of its October 26, 2006 order. The circuit court further held that Davis' claim (d) was now moot because Davis had been awarded a belated appeal of his criminal convictions, and dismissed Davis' petition with prejudice. Davis appeals from the circuit court's judgment.

4

Initially, we consider Davis' contention that the circuit court erred in failing to adequately consider his supplemental pleading, entitled "Opposition to Motion to Dismiss," in which he augmented the facts and arguments stated in his initial petition. Appended to this "Opposition to Motion to Dismiss" were several letters and affidavits that Davis submitted for the circuit court's consideration.

We find no merit in Davis' argument because the record before us explicitly refutes his claim. In its October 26, 2006 order dismissing with prejudice Davis' claims (a) through (c) and (e) through (r) (the remaining habeas corpus claims), the circuit court held that "the affidavits and letters filed by the Petitioner in his Opposition to Motion to Dismiss do not create the requisite reasonable probability of a different result." Thus, the specific language of the October 26, 2006 order demonstrates that the circuit court considered the contents of Davis' supplemental pleading but ultimately found that the remaining habeas corpus claims had no merit.

Davis argues, nevertheless, that the circuit court abused its discretion when it refused to dismiss the remaining habeas corpus claims without prejudice. Davis contends that under the holding in Bowman, when a habeas petitioner's request for a belated appeal is granted, his remaining claims should be dismissed without prejudice so that he may appeal his criminal

5

convictions before being required to litigate the merits of a collateral attack on those convictions.

In response, the Commonwealth argues that this Court's holding in Bowman emphasized the discretionary nature of a circuit court's authority to resolve habeas corpus claims. According to the Commonwealth, the facts and procedural history of Davis' case demonstrate that the circuit court properly exercised its discretion in dismissing with prejudice the remaining habeas corpus claims.

In considering this issue, we take the opportunity to discuss our holding in Bowman and the scope of a circuit court's discretionary authority to dismiss habeas corpus claims, with or without prejudice, when a petitioner has been awarded a belated appeal of his criminal convictions. In Bowman, the petitioner requested leave to file a belated appeal, and he also asked that his remaining claims be dismissed without prejudice. Bowman, 269 Va. at 1, 605 S.E.2d at 585. The circuit court agreed that a belated appeal should be awarded but refused the petitioner's request to dismiss his remaining claims without prejudice. Id.

We held that the circuit court abused its discretion in refusing the petitioner's request to dismiss his remaining claims without prejudice. Id. at 1-2, 605 S.E.2d at 585-86. In reaching this conclusion in Bowman, we made certain observations concerning the nature of habeas corpus relief in our courts.

6

Id. We noted that in Dorsey v. Angelone, 261 Va. 601, 604, 544 S.E.2d 350, 352 (2001), we held that Code § 8.01-654 unambiguously bars a petitioner from raising new claims in a second or subsequent petition for habeas corpus relief that were known to the petitioner when he filed his first petition.[*] Bowman, 269 Va. at 1-2, 605 S.E.2d at 585-86. We further observed in Bowman that Code § 8.01-654 does not prevent a petitioner from reasserting claims that were dismissed without prejudice in a prior proceeding. Id.

Our decision in Bowman, however, did not suggest that a circuit court must in every case dismiss without prejudice all additional habeas corpus claims accompanying a successful request for a belated appeal. Such a rule effectively would nullify a circuit court's discretion by mandating the same result in every case in which additional claims have been asserted.

Instead, the discretionary nature of the circuit court's authority permits a circuit court to evaluate a petitioner's additional claims. If the circuit court is able to determine from the record that these claims are insufficient as a matter of law, or are procedurally barred as a matter of law, the

---

[*] In 2005, after our opinion in Bowman was issued, Code § 8.01-654(B)(2) was amended to allow a petitioner to file a second or subsequent petition raising new claims when his first

7

circuit court retains the discretionary authority to dismiss those deficient claims with prejudice.  If, however, the additional claims cannot be resolved as a matter of law on the face of the record, the circuit court should dismiss those claims without prejudice to enable a petitioner to reassert the same claims in a later petition after his belated appeal is concluded.

Based on these principles, we hold that there is no merit in Davis' assertion that our decision in Bowman required that the circuit court dismiss the remaining habeas corpus claims without prejudice, irrespective of their legal merit or procedural deficiencies.  This determination, however, does not end our consideration of Davis' appeal.

Davis advances an alternative argument, in which he asserts that the circuit court nevertheless abused its discretion by dismissing the remaining habeas corpus claims with prejudice as either legally insufficient or procedurally barred.  Arguing that the remaining habeas corpus claims had legal merit, Davis asserts that he adequately pleaded claims under the Supreme Court's holdings in Strickland and Hill.  Davis also contends that the circuit court erred in applying our decisions in Penn

---

petition contained only an allegation that he was denied the right to pursue a direct appeal.  2005 Acts ch. 836.

and Slayton when the court dismissed the remaining habeas corpus claims with prejudice.

We are unable to consider the merits of these arguments, however, because Davis has failed to assign error to an independent basis for the circuit court's judgment that applied our decision in Anderson.  See Adams Outdoor Adver., L.P. v. Board of Zoning Appeals, 274 Va. 189, 197, 645 S.E.2d 271, 275 (2007); Sheets v. Castle, 263 Va. 407, 412, 559 S.E.2d 616, 619 (2002); Parker-Smith v. STO Corp., 262 Va. 432, 440–41, 551 S.E.2d 615, 620 (2001).  In Anderson, we held that the truth and accuracy of a defendant's representations concerning the adequacy of his counsel and the voluntary nature of his guilty plea will be deemed conclusively established by the trial proceedings, unless the petitioner presents a valid reason why he should be allowed to controvert his prior statements. Anderson, 222 Va. at 516, 281 S.E.2d at 888.

In dismissing Davis' habeas corpus allegations (a) through (c), the circuit court's order of October 26, 2006 relied on our holding in Anderson, stating that "the petitioner's present self-serving complaints about [trial counsel] are blatantly and wholly inconsistent with what Davi[s] said when he pled guilty." Because Davis does not challenge this independent ground for the circuit court's holding that he failed to demonstrate prejudice resulting from his counsel's assistance at trial as required by

9

Strickland and Hill, we do not address Davis' other challenges in his assignments of error to the dismissal of his claims (a) through (c). See Adams Outdoor Adver., 274 Va. at 197, 645 S.E.2d at 275; Sheets, 263 Va. at 412, 559 S.E.2d at 619; Parker-Smith, 262 Va. at 440-41, 551 S.E.2d at 620.

In the October 26, 2006 order, the circuit court also relied on our holding in Anderson as an independent basis for the court's dismissal of Davis' claims (e) through (r). Because Davis does not assign error to this independent basis for the circuit court's judgment, we likewise do not consider his assignments of error relating to those claims. See Adams Outdoor Adver., 274 Va. at 197, 645 S.E.2d at 275; Sheets, 263 Va. at 412, 559 S.E.2d at 619; Parker-Smith, 262 Va. at 440-41, 551 S.E.2d at 620.

For these reasons, we will affirm the circuit court's judgment.

Affirmed.

10