COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


JOSEPH L. PARRISH, JR., S/K/A
  JOSEPH LEE PARRISH, JR.
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1369-09-2                        JUDGE JEAN HARRISON CLEMENTS
                                                    MAY 11, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

Craig S. Cooley for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Joseph L. Parrish, Jr. (appellant) and Ethan Parrish (Parrish) were tried jointly by a jury

upon indictments charging them with first-degree murder of Tahliek Taliaferro, aggravated

malicious wounding of Courtney Jones, attempted murder of Tommy Williams and Lawrence

Harris, and using a firearm in commission of the charged felonies. The jury convicted appellant and

Parrish of involuntary manslaughter of Taliaferro and assault and battery of Jones.[1] On appeal,

appellant contends the trial court erred in denying his motion to set aside the verdict because the

evidence was insufficient to support his convictions. For the reasons that follow, we affirm

appellant's convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant, a juvenile at the time of the offenses, also was tried and convicted of
possessing a firearm after conviction of an offense that would have been a felony if committed by
an adult. Appellant does not challenge this conviction on appeal.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

"'When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.'" Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94 (2004) (quoting Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)).

On the night of June 24, 2008, Taliaferro and Jones were shot while they were traveling in a vehicle driven by Harris on Dorsett Road in Powhatan County. Parrish fired the shots from inside a stopped vehicle Stephanie Reynolds was driving. One of the shots struck Taliaferro in the head, fatally wounding him, and another shot hit Jones in the back. At the time of the shooting, appellant was standing, holding a firearm, outside Reynolds' vehicle. Appellant did not fire his weapon during the incident.

At trial, the evidence was conflicting regarding the events and circumstances that preceded the shooting. Nonetheless, it was undisputed that appellant, Parrish, and Reynolds encountered Taliaferro and a group of his friends prior to the shooting on the evening of June 24, 2008 near a Sheetz store. During that encounter, Parrish learned of an ongoing dispute between appellant and Taliaferro. As Reynolds drove away from Sheetz with appellant and Parrish in the car, appellant urged Taliaferro and his friends, who were traveling in two vehicles, to follow so they could fight and settle the score. Parrish said he armed himself with an assault rifle that was in the car because appellant commented that Taliaferro and the others were known to carry weapons.

Parrish had Reynolds stop her vehicle in a driveway on Dorsett Road because, he testified, he hoped the two vehicles pursuing them would simply pass by without incident. If the other vehicles stopped, Parrish testified he intended to scare them off by brandishing his firearm. Parrish had appellant get out of the car to cover the rear license plate of Reynolds' car with a plastic bag. According to Parrish, as Harris' vehicle approached at a slow speed, Harris pointed a gun out of the car window at Parrish. Parrish said he then fired his gun to protect himself. Parrish testified his decision to fire was instantaneous, without any encouragement from appellant. Parrish rapidly fired six times, the first shots hitting the ground. However, Parrish said, he lost control of the gun and the muzzle of the weapon rose into the air as he fired.

Relating to the killing of Taliaferro, the trial court instructed the jury it could find appellant guilty of first-degree murder, second-degree murder, voluntary manslaughter, or involuntary manslaughter. As to the wounding of Jones, the trial court instructed the jury regarding aggravated malicious wounding, malicious wounding, unlawful wounding, and assault and battery. The jury also was instructed regarding self-defense and the law regarding principals in the first and second degree. In closing argument, the defense attorney asked the jury to acquit appellant because the shooting had been in self-defense, and the evidence did not prove appellant participated in the shooting as a principal in the second degree. As noted above, the jury returned verdicts of guilt for both appellant and Parrish for involuntary manslaughter and assault and battery.

Appellant filed a motion to set aside the jury's verdict after trial but before sentencing. Appellant alleged the evidence was insufficient to support the convictions because Taliaferro's killing and Jones' injury resulted from either Parrish acting in self-defense or recklessly handling a firearm without any involvement from appellant. The prosecutor responded that the evidence was sufficient to support appellant's convictions. In addition, the prosecutor contended appellant's argument regarding the sufficiency of the evidence was procedurally barred because appellant

- 3 -

himself had requested the jury instructions on the lesser-included offenses. Defense counsel admitted he had asked for the instructions permitting the jury to convict appellant of the lesser offenses.[2] The trial court denied appellant's motion to set aside the verdict, accepting the Commonwealth's position that appellant was procedurally barred from challenging the convictions. As an alternative basis for denying the motion, the trial court found the evidence was sufficient to support appellant's convictions.[3]

## ANALYSIS

In his petition for appeal to this Court, appellant challenged only the trial court's finding that the evidence was sufficient to support his convictions. This was the sole assignment of error contained in the petition for appeal and upon which we granted appellate review. See Rule 5A:12(c) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals."). Appellant elected not to challenge the trial court's finding that he was procedurally barred from attacking his convictions.

In Johnson v. Commonwealth, 45 Va. App. 113, 114, 609 S.E.2d 58, 59 (2005), this Court considered "whether an appellant's failure to appeal one of two alternative grounds for a trial court's decision waives any further appellate review of that decision." In that case, the trial court denied the defendant's motion to suppress the evidence and cited two alternative grounds, only one

---

[2] The trial transcript does not contain any argument from counsel regarding the jury instructions. However, in argument upon the motion to set aside the verdict, defense counsel stated that at trial the defense had "put the case forward" to the jury on alternative theories, including involuntary manslaughter. The prosecutor replied that the defense had requested the jury be instructed regarding involuntary manslaughter. In response to questioning by the trial court, defense counsel admitted he noted no exception at trial to the jury instructions regarding the lesser offenses.

[3] Although the record contains no order specifically stating the trial court denied the motion to set aside the verdict, the trial court's resolution of appellant's motion is found in the transcript of the sentencing hearing. The Commonwealth does not contend that the absence of such an order affects the consideration of the matter on appeal.

of which the defendant challenged on appeal. We found that "'in situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Id. at 116, 609 S.E.2d at 60 (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)).

> If we were to hold otherwise, "an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged." San Antonio Press v. Custom Bilt Machinery, 852 S.E.2d 64, 65 (Tex. App. 1993).
>
> That said, we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision. The trial court's characterization of its decision as an alternative holding, of course, does not end the matter. We must determine whether it is or not. But, in making that decision, we do not examine the underlying merits of the alternative holding — for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal.

Id. at 116-17, 609 S.E.2d at 60. See also Davis v. Johnson, 274 Va. 649, 655, 652 S.E.2d 114, 117-18 (2007) (in appeal of a habeas corpus proceeding where appellant failed to challenge all of the lower court's independent grounds for its ruling, Court could not consider the claim of error on appeal); Magco of Maryland, Inc. v. Barr, 262 Va. 1, 1, 545 S.E.2d 548, 548 (2001) (finding that where "there is an independent basis for the judgment of [the lower court] . . . that is not challenged on appeal, this Court cannot reach the merits of those errors assigned by the appellant").

Accordingly, we must determine if the trial court's denial of appellant's motion to set aside the verdict because his argument was procedurally barred was an alternative holding that, when properly applied to the facts, was a freestanding basis for the trial court's decision. In so doing, however, we do not necessarily "examine the underlying merits" of that ruling. See Johnson, 45 Va. App. at 117, 609 S.E.2d at 60.

Although we find no published appellate decision in Virginia precisely holding a criminal defendant waives any claim regarding the sufficiency of the evidence where lesser-included offense

jury instructions were granted at his request, other decisions provide support for the conclusion of the trial court that appellant's motion to set aside the verdict was procedurally barred.[4] In Holles v. Sunrise Terrace, Inc., 257 Va. 131, 137-38, 509 S.E.2d 494, 498 (1999), the Virginia Supreme Court "observe[d] the general rule that, when an issue has been submitted to a jury under instructions given without objection, such assent constitutes a waiver of any contention that the trial court erred in failing to rule as a matter of law on the issue." Applying this rule here, the trial court could conclude appellant waived his contention that the evidence was insufficient to support his convictions as a matter of law since he requested the very jury instructions that permitted the jury to convict him of involuntary manslaughter and assault and battery.

In Manns v. Commonwealth, 13 Va. App. 677, 414 S.E.2d 613 (1992), the defendant was tried and convicted, in a bench trial, of throwing a missile at a moving vehicle, a felony. Upon the defendant's motion, the trial court vacated the conviction and, in accordance with the defendant's request, found him "'guilty of interfering with the property rights of another, a misdemeanor.'" Id. at 679, 414 S.E.2d at 614. Finding the defendant could not challenge the sufficiency of the evidence to support his misdemeanor conviction on appeal, we noted that "'[t]he defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" Id. at 679-80, 414 S.E.2d at 615 (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)).

In this case, appellant went to trial upon indictments charging him with first-degree murder and aggravated malicious wounding. At appellant's request the case was submitted to the jury with

---

[4] In a memorandum opinion, a panel of this Court held that a defendant, having requested a jury instruction on voluntary manslaughter at his murder trial, was barred from challenging the sufficiency of the evidence to support his conviction of voluntary manslaughter. Tate v. Commonwealth, No. 2956-04-3 (Va. Ct. App. Dec. 20, 2005). "Although an unpublished opinion of the Court has no precedential value, a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." Fairfax County School Board v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (en banc) (citation omitted).

instructions permitting it to find him guilty of involuntary manslaughter and assault and battery. In requesting the jury instructions, appellant assumed a position contrary to that he asserted after the jury rendered its verdict.

Thus, without "examin[ing] the underlying merits of the alternative holding," we conclude the trial court's denial of the motion to set aside the verdict on procedural grounds "legally constitute[d] a freestanding basis in support of the trial court's decision." Johnson, 45 Va. App. at 117, 609 S.E.2d at 60. Because appellant did not appeal this ruling, he waived any claim of error with respect to the trial court's decision on the motion to set aside the verdict. See id. at 116, 609 S.E.2d at 60.

CONCLUSION

For the foregoing reasons, we reject appellant's challenge to the sufficiency of the evidence and affirm his convictions.

Affirmed.