# VIRGINIA:

***In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 28th day of March 2019.***

Present:  All the Justices

Stephen D. Rankin,                                                                                    Appellant,

 against          Record No. 180812
                    Court of Appeals No. 1671-16-1

Commonwealth of Virginia,                                                                      Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that the judgment of the Court of Appeals should be affirmed.

In April 2015, Stephen D. Rankin ("Rankin"), a police officer, responded to a call regarding a suspected shoplifting incident at a Wal-Mart.  Upon Rankin's arrival in the store's parking lot, Gregory Provo ("Provo"), a loss-prevention officer for Wal-Mart, identified William Lester Chapman ("Chapman") as the suspect.  Provo and Rankin then proceeded to the area of the parking lot where Chapman was walking.

When Rankin approached Chapman, Chapman placed his left hand in his front pocket and started walking away from Rankin at a "brisk pace."  In response, Rankin "grabbed" Chapman's left arm, positioned Chapman face forward on the hood of his police car, and ordered Chapman to take his hand out of his pocket.  Chapman did not take his hand out of his pocket and resisted Rankin's physical efforts to remove his hand.  Rankin warned Chapman, stating "[t]ake your hand out of your pocket or I'm going to tase you."  When Chapman did not comply, Rankin attempted to subdue Chapman by deploying his taser.  After Rankin "stunned" Chapman with his taser, Chapman became "enraged" and knocked the taser out of Rankin's hands.  Rankin then drew his firearm and ordered Chapman to "get on the ground."  Provo saw Chapman take a "jab step" as "if he was [] about to fight" at which point Rankin fired two shots, fatally wounding Chapman.

Shortly after the shooting, Rankin said to Provo, "I need you as a witness. It's my second one. Don't leave." Rankin's taser was equipped with a camera, which recorded part of the incident, including this statement.

Rankin was indicted for first-degree murder and use of a firearm in the commission of a felony in the Circuit Court of the City of Portsmouth ("circuit court"). Before trial, Rankin filed a motion in limine "to exclude from use at trial any evidence or reference, either oral or written, to a shooting in 2011 by [Rankin]." In 2011, Rankin shot a suspect while on duty, but a grand jury declined to indict him for voluntary manslaughter and he was found not liable in a civil action brought by the suspect's family.

After holding a hearing where it heard argument from counsel, the circuit court issued a letter opinion in which it granted the motion in limine. The circuit court determined that admitting evidence of the 2011 shooting "would be highly prejudicial to [Rankin] and that any legitimate probative value of the evidence d[id] not outweigh such prejudice." However, the circuit court did not specifically address whether evidence of Rankin's statement, "It's my second one," was admissible.

A few months after the circuit court issued its letter opinion, Rankin filed a second motion in limine "to exclude from evidence the phrase 'It's my second one' from the Commonwealth's case in chief." Rankin asserted that the circuit court had "already ruled that any reference to any prior shooting by [Rankin] [wa]s inadmissible." Therefore, Rankin argued that "any reference on the Taser video and in Gregory Provo's testimony to 'It's my second one' [wa]s inadmissible pursuant to the [circuit] [c]ourt's earlier ruling." At a hearing on the motion, Rankin further argued that the statement was "not probative" of any aspect of the Commonwealth's case. The Commonwealth responded that excluding the statement would "sanitize the evidence in this case." The Commonwealth contended that the "jury has a right to know [all of the evidence] from the beginning to the end, so they can put everything in context." The circuit court denied the motion.

At trial, Rankin's statement, "It's my second one," was admitted on multiple occasions during the Commonwealth's presentation of evidence. Provo testified that after the shooting, he was "about to walk off" when Rankin said, "Don't go far. This is my second one." Jesse Lindmar, a forensic scientist employed by the Virginia Department of Forensic Science, authenticated the video captured by Rankin's taser after it was played at trial. After the jury

2

retired to deliberate, the foreperson informed the circuit court that the jury was unable to play the taser video. The circuit court then arranged for the jury to view the video again.

The jury found Rankin not guilty of first-degree murder, not guilty of use of a firearm in the commission of a felony, and guilty of voluntary manslaughter. The jury recommended a sentence of two years and six months' imprisonment, and the circuit court sentenced Rankin in accordance with the jury's recommendation.

Rankin filed a petition for appeal with multiple assignments of error in the Court of Appeals. As relevant here, Rankin asserted in his first assignment of error that the circuit court erred by admitting evidence of his statement, "It's my second one." In a per curiam order, the Court of Appeals determined that the statement "did not indicate [Rankin] had shot and killed another person." *Rankin v. Commonwealth*, No. 1671-16-1, at *2 (Va. Ct. App. June 21, 2017). Additionally, because the statement "was relevant to establishing [Rankin's] premeditation, motive or intent, feelings toward the victim, and the absence of mistake or accident," it "came within well established exceptions to the rule against admitting evidence that the accused had committed other crimes." *Id.* at *2-3.

The Court of Appeals also held that any error in admitting evidence of the statement was harmless. *Id*. at *3. The Court of Appeals explained that "non-constitutional error" is harmless if an "appellant had 'a fair trial on the merits' and 'substantial justice' was reached." *Id.* (quoting *Clay v. Commonwealth*, 262 Va. 253, 259 (2001) and Code § 8.01-678). The Court of Appeals determined that Rankin had a fair trial on the merits and that substantial justice was reached because the jury "heard testimony from all of the witnesses" and "found [Rankin] guilty of the lesser-included offense of voluntary manslaughter." *Id.* Accordingly, the Court of Appeals denied Rankin's petition for appeal. *Id*. at 1. Rankin appealed to a three-judge panel of the Court of Appeals, which denied his petition for appeal with respect to his first assignment of error for the reasons set forth in the per curiam order.

Rankin appealed to this Court, and we granted his appeal on the following assignment of error:

> The trial court erred and abused its discretion when it permitted, over Mr. Rankin's objection, the admission of the statement: "It's my second one," which was made by Mr. Rankin to Mr. Provo immediately following the shooting of Mr. Chapman. This statement was unduly prejudicial to Mr. Rankin and it was irrelevant as it was not probative of any fact before the court.

Although this assignment of error challenges the circuit court's ruling that evidence of Rankin's statement, "It's my second one" was admissible, it does not challenge the Court of Appeals' holding that any error in admitting evidence of the statement was harmless.[*]

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." *Ferguson v. Stokes*, 287 Va. 446, 452 (2014) (quoting *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 284 Va. 409, 421 (2012)); *see also Parker–Smith v. Sto Corp.*, 262 Va. 432, 441 (2001) ("Since the court had an independent basis for dismissing the fraud counts that is not the subject of an assignment of error, we cannot consider the arguments advanced by [the appellant] regarding her fraud claims."); *Rash v. Hilb, Rogal & Hamilton Co.*, 251 Va. 281, 286 (1996) ("[W]e cannot consider these arguments advanced by the [appellants] because there is an independent basis to support the chancellor's ruling on these issues and that basis has not been challenged on appeal."). "[O]therwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" *Manchester Oaks*, 284 Va. at 422 (alteration in original) (citation omitted).

The fact that an appellant "has not assigned error to each basis for [a lower] court's ruling does not end the inquiry." *Id*. Instead, we determine whether any unchallenged basis "provides a sufficient legal foundation for the [lower court's] ruling." *Id*. In making this determination, "we do not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to [assign error to it] on appeal." *Id*. (alteration in original) (citation omitted).

The Court of Appeals held that any error in admitting evidence of Rankin's statement, "It's my second one," was harmless because he "had 'a fair trial on the merits' and 'substantial justice' was reached.'" *Rankin*, No. 1671-16-1, at *3 (quoting *Clay*, 262 Va. at 259 and Code § 8.01-678). A determination that error in a lower court's ruling was harmless provides a sufficient legal foundation for affirming the judgment of the lower court. *See, e.g.*, *Rose v. Commonwealth*, 270 Va. 3, 11-12 (2005) (affirming the judgment of the Court of Appeals

---

[*] Rankin's petition for appeal included four other assignments of error, which we did not grant. None of these assignments of error challenged the Court of Appeals' holding that any error in admitting evidence of Rankin's statement, "It's my second one," was harmless error.

4

because admitting evidence of the appellant's "prior criminal acts" in his criminal trial was "harmless error"). Accordingly, because Rankin failed to assign error to the Court of Appeals' holding that any error was harmless, we affirm the judgment of the Court of Appeals.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of the City of Portsmouth.

A Copy,

Teste:

Douglas B. Robelen, Clerk